## Rice Lumber Company v. Norman C. Baslow et als

[194 A.2d 65]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 1, 1963

*Robert K. Bing* for the plaintiff.

*Ezra S. Dike* for John A. Kilbourn, trustee.

**Holden, J.** This appeal by the defendants from a judgment of the Chittenden County Court is met by the plaintiff's motion to dismiss. The motion is based on the jurisdictional contention that the statutory time for taking the appeal had expired when the defendants' notice of appeal was filed.

The record before us establishes that judgment for the plaintiff was granted by way of a written judgment order, signed by the judges, and dated February 19, 1963. The order bears the imprint "CHIT-TENDEN COUNTY COURT—Filed 2/20/63" over the signature of the county clerk.

The notice of appeal of the principal defendants was signed by their attorney and was dated February 21, 1963. The instrument bears the imprint "CHITTENDEN COUNTY COURT—Filed 3/22/63" and is signed by the county clerk.

The method and time for perfecting appeals is governed by the provisions of 12 V.S.A. §2383, as amended by the Acts of 1961, No. 182, section 2:

> "Except as provided below, a notice of appeal shall be filed within thirty days from the date of the entry of any appealable judgment, order, ruling, decree or sentence of any tribunal set forth in section 2381 of this title. Immediately upon the entry of the judgment, order, ruling, decree or sentence the clerk of the court, register or commission shall mail or deliver by hand to every party affected thereby who is not in default for failure to appear, or his attorney of record, notice of such entry. Failure of the clerk, register or commission to do so within one week from the

date of entry shall extend the time for filing the notice of appeal to thirty days from the date of receipt of notice of the entry for any party affected by such failure who is not in default for failure to appear. Filing of the notice of appeal shall consist of delivery by hand or by mailing the notice of appeal as specified in section 2382 of this title. In addition, sufficient copies of the notice of appeal shall be furnished to the clerk of the tribunal appealed from, who shall mail a copy to each of the parties named above and to the clerk of the court appealed to, who in the case of the supreme court shall be the clerk of the general term. Failure to provide such copies shall be grounds for imposition of terms but shall not affect the validity of the appeal."

The several county courts are within the specification of 12 V.S.A. §2381. In computing the thirty-day period prescribed above, the date when the judgment was entered is not included. 12 V.S.A. §251.

The plaintiff's motion to dismiss regards the date of entry of the judgment order as the day when that order was signed by a majority of the judges of the county court. This interpretation of the statute would start the appeal time running on the day following the court's decision of February 19th, and the time for taking the appeal would have expired on March 21, 1963.

■ This construction ignores the distinction between the rendition of a judgment and the entry of the judgment in the official record of the court. The first is the judicial act of the court; the second is the ministerial act of the clerk in recording what has been adjudicated. *In re Estate of Moody,* 115 Vt. 1, 13, 49 A.2d 562.

■ The statute fixes the starting point of the appeal period from the date the judgment is recorded rather than from the date the decision is reached. Computing the appeal time "from the date of the entry . . . of judgment" the defendants had through March 22, 1963 in which to perfect their appeal. Since it appears from the record that the notice of appeal was filed the last day before time had expired, the motion to dismiss is denied.

This disposition of the motion to dismiss is reached without reference to the date when the clerk of the Chittenden County Court delivered by hand or mailed the copies of the order from which the appeal is taken. Nor does it appear whether the defendants' notice

of appeal was delivered by hand or mailed. The record is deficient in these respects but the shortage is not critical in this instance. Although the exact date of delivery or mailing is not known, the fact that the judgment was entered and notice of appeal "filed" within a sequence of thirty days is enough to establish appellate jurisdiction.

We deem it important, however, to stress the point that, under the new statute, a longer time interval might prevail. In such circumstances, the date when the clerk mails or delivers copies of the judgment order, and the date when the appellant mails or delivers his notice of appeal, may constitute essential jurisdictional facts, and thereby control the authority for appellate review. For these reasons, the record on appeal should clearly and definitely indicate the time of these events.

*Plaintiff's motion to dismiss the appeal is denied.*