## David Glabach, Zoning Administrator in and for the Town of Winhall, Vermont v. Andrea Sardelli, d/b/a Pine Ski Shop

[321 A.2d 1]

No. 234-73

Present: Barney, C.J., Smith, Keyser and Daley, JJ., and Martin, Supr. J.

Opinion Filed June 4, 1974

*Rhys Evans, Esq.*, Manchester Center, for Plaintiff.

*Niles, Johnson & Gibbs*, Woodstock, for Defendant.

**Smith, J.** This is an appeal from a judgment order of the Bennington County Court denying the defendant's petition to dismiss an injunction order previously obtained by the plaintiff Town. The injunction prohibits the defendant from operating a retail ski equipment business in an area zoned for residential use.

The defendant has leased certain lands and premises in Winhall since 1971 from Parker and Joyce Roberts. In the fall of 1971, the defendant renovated the premises for operation as a retail ski equipment shop. The Town of Winhall had adopted interim zoning regulations, effective May 29, 1969, in accordance with 24 V.S.A. § 4410. This interim zoning was continued in force until permanent zoning regulations were approved by the voters of the Town of Winhall on or about May 26, 1972.

The defendant was notified by Town officials that he needed a zoning permit to operate his business. He made application for such permit to the Zoning Administrator of Winhall, which application was denied. The defendant then appealed to the Board of Selectmen, pursuant to the then applicable

zoning regulation. The selectmen denied such appeal on April 5, 1972. The Town obtained an injunction from the Bennington County Court prohibiting the defendant from operating his shop on August 20, 1972. In January of 1973, the defendant was advised that the Board of Adjustment would grant a hearing on February 20, 1973, on an appeal taken to it by the defendant's lessors. In the interim, on January 20, 1973, the Bennington County Court issued a further order requiring compliance with the previously issued injunction.

The March 13, 1973, minutes of the Winhall Planning Commission, sitting in its capacity as a Board of Adjustment, indicate that it was agreed that the appeal be denied. However, neither the defendant nor the owners of the property which he leased had any notification of the decision of the Board until May 10, 1973, when defendant's then attorney received information on the decision of the Board through correspondence with the attorney for the Town. The contention of the defendant in his appeal here, as in his petition to the lower court, is that the failure of the Board of Adjustment to notify him or his lessors of its decision under 24 V.S.A. § 4470 constituted an automatic decision granting the variance which he and his lessors sought and that therefore nothing is left for the Town to enforce by the injunction.

The sole question presented by this appeal is whether 24 V.S.A. § 4470(a), properly construed, requires that a board is deemed to have rendered a decision in favor of an appellant where the board has made a written decision within forty-five days of the date of hearing but has not notified the appellant of its decision within that same forty-five day period.

We must now turn to the statute, the interpretation of which is the key to the question here presented.

§ 4470. Decisions on appeal

(a) The board shall render its decision, which shall include findings of fact, within forty-five days after completing the hearing, and shall within that period send to the appellant, by certified mail, a copy of the decision. Copies of the decision shall also be mailed to every person or body appearing and having been heard at the hearing, and a copy thereof shall be filed with the administrative officer and the clerk of the municipality as a part of

the public records thereof. If the board does not render its decision within the period prescribed by this chapter, the board shall be deemed to have rendered a decision in favor of the appellant and granted the relief requested by him on the last day of such period.

(b) A board of adjustment may reject an appeal without hearing and render a decision, which shall include findings of fact within ten days of the date of filing of the notice of appeal, if the board considers the issues raised by the appellant in his appeal have been decided in an earlier appeal or the same in substantially or materially the same facts by or on behalf of that appellant, such decision shall be rendered, on notice given, as in the case of a decision under subsection (a) of this section, and shall constitute a decision of the board for the purpose of section 4471 of this title.

We are involved here in the construction of a statute which has not previously been considered by this Court.

The fundamental rule for the construction of statutes is to ascertain the intent of the Legislature. This intent must be ascertained from the act itself, if the language is plain. But when the language used is doubtful in meaning, the true meaning may be ascertained by considering it in the light of all its provisions, the object to be accomplished by its passage, its title, preexisting legislation on the same subject and other relevant circumstances. A statute is to be so construed as to carry out the intent of the Legislature, though such construction may seem contrary to the letter of the statute. When the provisions of a law are inconsistent, effect must be given to those which harmonize with the context and the apparent intent of the Legislature. *Doubleday* v. *Stockbridge*, 109 Vt. 167, 172, 194 A. 462 (1937), and cases cited.

*State* v. *Estate of William Taranovich*, 116 Vt. 1, 5, 68 A.2d 796, 798 (1949).

The general law is that appeals from decisions of zoning boards of adjustment may be taken to the county court under the provisions of 24 V.S.A. § 4471. The time within which such appeals may be taken is governed by V.R.A.P. 4, which sets the period of time for filing a notice of appeal to county

court, unless extended, as thirty days from the date of entry of the judgment appealed from. The lower court concluded that the forty-five day provision of the statute in question must be interpreted to mean that it applied only to the time in which the board of adjustment must make its decision. However, it held that the requirements of giving notice within the same period were only directory, and that the rendering of judgment was not delayed even if the statutory requirements for notice to the appellant within forty-five days had not been complied with. In essence, it was the opinion of the court below that the burden was on the appellant of finding out what had happened in his litigation, and if a decision was rendered within the forty-five day statutory period, although he did not receive notice thereof, he would not be entitled to a decision favorable to him on the last day of the statutory period.

But even if the lower court had been correct in its belief that 24 V.S.A. § 4471 provided the only proper route for the appellant to take, there would have been no appeal by the appellant in this case, for the starting point of an appeal period is from the date the judgment is recorded. *Rice Lumber Co.* v. *Baslow,* 123 Vt. 443, 445, 194 A.2d 65 (1963). A judgment or order is recorded under V.R.A.P. 4 when such judgment is entered on the criminal or civil docket. Of course, no such docket existed in which the decision of the board of adjustment could be entered in this zoning appeal. But 24 V.S.A. § 4470(a) does provide that a copy of the decision of the board shall be filed with the clerk and also the administrative officer of the municipality. Such filing was not done by the board, and the only record of its decision was in the minutes of the board of adjustment at the time it made its decision. There was, thus, no recording of the decision of the board on record from which the appellant could have computed the time in which it was necessary to file his appeal.

In attempting to interpret the legislative intent in enacting 24 V.S.A. § 4470, we first note this was a new enactment without previous statutory history. The legislative history of the enactment offers us little help in the determination of legislative intent. Subsection (b) of § 4470 reads as originally introduced, but the first sentence of subsection (a), as introduced, was "(a) The board shall render its decision, which

"shall include findings of fact, within forty-five days after completing its hearings, and shall promptly send to the appellant, by registered mail, a copy of the decision." The bill was then amended to its final form, and "promptly" became "within that period." The only effect of such amendment was to fix a definite number of days for the notice to be given instead of the rather inexact "promptly", and it helps us little in our determination.

This Court has previously held in a number of cases that zoning ordinances are to be strictly construed in view of the fact that they are in derogation of common law property rights, and that when exemptions appear in favor of the property owner, the exemptions shall be construed in favor of the owner. Also, zoning measures will be construed to give the words used in a zoning measure their ordinary meaning and significance. *City of Rutland* v. *Keiffer*, 124 Vt. 357, 360, 205 A.2d 400 (1964); *Murphy Motor Sales, Inc.* v. *First National Bank of St. Johnsbury*, 122 Vt. 121, 123–24, 165 A.2d 341 (1960); *In re Willey*, 120 Vt. 359, 361, 365, 140 A.2d 11 (1958). We have also held that in enacting zoning laws "it was the object of the legislature to provide forums . . . easily accessible to the community at large, to air their grievances and obtain redress without resort to technical rules of procedure." *Badger* v. *Rice*, 124 Vt. 82, 85, 196 A.2d 503 (1963). This Court recognized in *Badger, supra,* that local zoning proceedings are conducted by boards composed of laymen, and that it is other laymen, as well, that present their grievances, real or fancied, and attempt to obtain relief. We believe it fair to conclude that the legislative intent in enacting zoning laws was to set forth easily understandable procedures so that laymen boards, unassisted by lawyers, could reach a final determination on the facts presented to them, and so that the laymen litigants could be informed of the decisions affecting them with certainty, and at a time certain. Such we believe was the legislative intent in enacting 24 V.S.A. § 4470.

We believe that such intent can be seen by a careful reading of subsection (b) of 24 V.S.A. § 4470, particularly when the last sentence of this subsection is considered in conjunction with subsection (a) of the same statute.

Under subsection (b), a board of adjustment is given the power to reject redundant appeals without holding a hearing

and in a shorter period of time. However, it must still. make a written decision, and the pertinent words of this subsection relating to the question before us provide that "such decision shall be rendered, on notice given, as in the case of a decision under subsection (a) of this section."

We believe that if the notice requirement were directory only, rather than mandatory, the Legislature would have used a phrase such as "and notice given" rather than "on notice given." The use of the latter phrase must be interpreted as a plain and unmistakable intent that the decisions made under subsection (a) are "rendered" only after notice is given. Notice of these decisions must be given within forty-five days to the appellant. Only after a decision has been rendered can judgment be entered and the appeal period pursuant to 24 V.S.A. § 4471 commence to run.

The legislative intent demonstrated in 24 V.S.A. § 4470 was to enact a special statute relative to the rendering of a judgment by a zoning board of adjustment. Motivated, perhaps, as we have already suggested by the knowledge that an appeal to a zoning board is often a hearing by laymen on grounds for appeal advanced by laymen, the Legislature inserted a notice provision in the statute which is mandatory rather than directory. It places the burden on a zoning board of adjustment not only to make a decision within the time provided but also to notify the appellant in writing of the decision within forty-five days from the time the appeal is heard. Only when both decision and notification are made within the forty-five day period is the judgment rendered. Further, if judgment is not rendered, as provided, the Legislature has plainly stated that the board shall have been deemed to have made a decision in favor of the appellant.

If a board of adjustment could make a decision affecting the rights of an appellant, bury it in the minutes of a meeting, and neglect to comply with the notification requisites of the statute, the thirty-day period given to an appellant might well go by without his having knowledge of the purported judgment. It would also be true that if the judgment were considered rendered at the time of the decision, but notification was made, say, some thirty days after the decision of the board, the same result could follow. On the other hand, if the judgment is considered rendered at the time the appellant

receives notification of it within the forty-five day statutory period, then a time certain is fixed from which an appeal can be taken.

It is true that 24 V.S.A. § 4470, under the legislative intent as we have interpreted it, is a special statute, differing in many respects from the general law on the rendition of judgment. But it is a legislative privilege to enact special statutes when they deem it appropriate, and when one statute is special, and the other general, dealing with the same subject matter, the special statute will prevail according to its terms. *Town of Bennington v. Vail*, 117 Vt. 395, 398–99, 92 A.2d 467 (1952).

*The order of the Bennington County Court denying defendant's petition to dismiss the injunction is reversed, and the injunction is dissolved as of this date.*