## Charles Potter v. Hartford Zoning Board of Adjustment

[407 A.2d 170]

No. 68-79

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed September 17, 1979

*Guarino and Bean,* White River Junction, for Plaintiff.

*William J. Donahue* of *Clauson, Struckhoff & Kelly,* Hanover, New Hampshire, for Defendant.

**Daley, J.** The plaintiff received a building permit to construct a house in August, 1975. The grant of the permit was contested by his neighbors, but the superior court upheld its issuance in May, 1977. By November 15, 1977, the foundation for the house had been laid. In the spring of 1978, the town's zoning administrator discovered that a twelve-foot error had been made in digging the cellar hole. The town's zoning ordinance requires that the house be set back twenty-five feet from the road; in fact, it was only thirteen feet back. After

learning of the violation, the plaintiff halted construction and applied for a zoning variance.

The Hartford Zoning Board of Adjustment, with one member absent, split evenly on his request, and no variance issued. The plaintiff petitioned for a rehearing before the full board. After that hearing, on July 10, 1978, his request was denied. A document, entitled "Findings of Fact," which was in the nature of minutes of the meeting, was issued on July 20. It was signed by the zoning administrator, who is the clerk, but not a voting member, of the Board.

The plaintiff then appealed to the superior court. It found that the "Findings of Fact" contained only conclusions reached by a majority of the Board. It therefore ruled that the Board had not complied with the mandate of 24 V.S.A. § 4470(a), which states that the "board shall render its decision, which shall include findings of fact, within forty-five days after completing the hearing . . . ." Because the section also provides that if its requirements are not met the variance shall be deemed to be approved, the court ordered the Board to issue the variance.

On appeal, the defendant admits that the "Findings of Fact" are conclusionary statements, but contends that such a "formal" error should not undermine the Board's decision. It argues that in the usual circumstances findings provide a criterion by which an appellate tribunal may determine whether the facts support the decision, *In re J. M.*, 131 Vt. 604, 608, 313 A.2d 30, 32 (1973), but where, as here, the appellate tribunal conducts a de novo trial, the only rationale for requiring findings is to assure a full consideration of the facts. The defendant further asserts that the interpretation followed by the superior court violates due process. It argues that, as interpreted, the outcome of the case is a matter of chance and thus does not even meet the most minimum standards for rationality in legislation.

We cannot agree that § 4470(a) is irrational, is merely intended to assure a full consideration of the case, or is unconstitutional.

In *Glabach* v. *Sardelli*, 132 Vt. 490, 495, 321 A.2d 1, 5 (1974), we stated that § 4470

places the burden on a zoning board of adjustment not only to make a decision within the time provided but also to notify the appellant in writing of the decision within forty-five days from the time the appeal is heard. Only when both decision and notification are made within the forty-five day period is the judgment rendered. Further, if judgment is not rendered, as provided, the Legislature has plainly stated that the board shall have been deemed to have made a decision in favor of the appellant.

By the terms of § 4470 (a), the decision "shall include findings of fact."

■ In our view, the Legislature intended that an appealing property owner would get reasons, as well as a result, when a zoning board of adjustment rules against him. The alternative, where that requirement is not met, is that he is deemed to have received a favorable decision. "If the requirement of findings has *any* meaning, it is to convey not only a result, but also an indication of how the result was arrived at." *Punderson* v. *Town of Chittenden,* 136 Vt. 221, 225, 388 A.2d 373, 376 (1978). The findings are intended to indicate to the parties, as well as to the appellate court, what was decided and upon what considerations. *Id.; New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 503, 367 A.2d 1363, 1366 (1976). That goal is neither irrational nor unconstitutional.

■ The defendant next argues that the court erred in granting a variance, because it was required, under 24 V.S.A. § 4468 (a), to make findings if it granted a variance. That section reads in relevant part:

On an appeal under section 4464 or section 4471 of this title wherein a variance from the provisions of a zoning regulation is the relief requested by the appellant, the board of adjustment or superior court may grant such variances, and render a decision in favor of such appellant, if all the following facts are found by the board or the court and such finding is specified in its decision.

Findings were not necessary, however, because the court did not grant the variance. By operation of statute, it had already devolved upon the plaintiff. He automatically received a variance when the zoning board of adjustment failed to comply with the mandate of § 4470(a). For that reason, the plaintiff's appeal was superfluous, and a de novo trial was unnecessary. Although it would have been more accurate for the court to have phrased its decision as dismissing the appeal as unnecessary rather than ordering the issuance of the variance, there is no error in the result reached.

*Judgment affirmed.*