**Ward E. Benzie and Evelyn M. Benzie v. Town of Underhill**

[454 A.2d 1233]

No. 522-81

Present: Billings, Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 30, 1982

*David C. Drew,* Jericho, for Plaintiffs-Appellees.

*Craig Weatherly* and *Stephen F. Crampton* of *Gravel, Shea & Wright, Ltd.,* Burlington, for Defendant-Appellant.

Underwood, J. This case involves the efforts of the plaintiffs to obtain permission to construct a second dwelling on a parcel of property located in the Town of Underhill, Vermont (hereinafter the Town). In the relevant portion of the Town, the zoning regulations require a minimum of three acres for each single family dwelling. The Town Zoning Administrator denied plaintiffs' application for a building permit because the parcel, as originally described by the plaintiffs, contained only five and one-half acres.

The plaintiffs sought relief from the Town Zoning Board of Adjustment (hereinafter the Board). The Board conducted a hearing on February 27, 1978, pursuant to notice published February 13, 1978, at which it considered plaintiffs' request. No decision was rendered at this time. However, the Board did inform the plaintiffs that no variances from the acreage requirements of the zoning ordinance were permitted, but perhaps if a survey were done they might discover that they had enough land to meet the minimum three acre lot zoning requirement.

At a subsequent hearing, held on August 28, 1978, the plaintiffs produced a survey showing ownership of six and one-tenth acres if measured to the center of the road. On October 10, 1978, the Board sent its notice of decision to the plaintiffs informing them that, on the advice of counsel, it would not permit use of the road right of way to establish compliance with the zoning acreage requirement. The plaintiffs timely filed a notice of appeal bringing the matter for review to the superior court.

The parties submitted the appeal upon agreed statement of facts, and filed cross motions for summary judgment. The plaintiffs argued, *inter alia*, that the Board should be deemed to have granted them a variance by operation of law because the Board failed to comply with the requirement that it issue a decision and accompanying findings of fact within 45 days after the final hearing. 24 V.S.A. § 4470. The court, finding that the Town failed to issue findings of fact within the requisite period, granted the plaintiffs a variance by operation of law. It is from this order that the Town now appeals. We affirm for the following reasons.

Three legally distinct categories of appeals from a decision of a zoning administrator to a zoning board of adjustment are

provided for by 24 V.S.A. § 4464(c). One of these categories, the one provided for in subparagraph (3), is not applicable here; the other two are. 24 V.S.A. § 4464(c)(1) provides for an appeal that is analogous to the concept of appeal as normally applied in the courts. The question before the board under this section is whether "an error has been committed in any order, requirement, decision or determination made by an administrative officer under this chapter in connection with the enforcement of a by-law." *Id.* An appeal under 24 V.S.A. § 4464(c)(2), usually referred to as a variance application, involves the discretion of the board to determine whether, under certain circumstances, an applicant should be permitted to perform an act which contravenes the municipality's zoning ordinance.

In ruling upon either an appeal under § 4464(c)(1), or a variance application under § 4464(c)(2), the board is governed by 24 V.S.A. § 4470(a), which provides, in part, as follows:

> The board shall render its decision, which shall include findings of fact, within forty-five days after completing the hearing, and shall within that period send to the appellant, by certified mail, a copy of the decision. . . . If the board does not render its decision within the period prescribed by this chapter, the board shall be deemed to have rendered a decision in favor of the appellant and granted the relief requested by him on the last day of such period.

This Court stated in *Glabach* v. *Sardelli,* 132 Vt. 490, 321 A.2d 1 (1974), that 24 V.S.A. § 4470(a):

> places the burden on a zoning board of adjustment not only to make a decision within the time provided but also to notify the appellant in writing of the decision within forty-five days from the time the appeal was heard. Only when both decision and notification are made within the forty-five day period is the judgment rendered. Further, if judgment is not rendered, as provided, the Legislature has plainly stated that the board shall have been deemed to have made a decision in favor of the appellant.

*Id.* at 495, 321 A.2d at 5. In *Potter* v. *Hartford Zoning Board*

*of Adjustment,* 137 Vt. 445, 407 A.2d 170 (1979), we held that the same result obtained where a zoning board rendered a timely decision that did not include sufficient findings of fact. *Id.* at 446, 407 A.2d at 171–72.

The Town argues on appeal that the Board's notice of decision, mailed to the plaintiffs within 45 days after completing the hearing, contained sufficient findings of fact for the purposes of 24 V.S.A. § 4470(a). It concedes that the notice of decision did not enumerate any facts, but it submits that this is not what the "findings of fact" requirement of 24 V.S.A. § 4470(a) requires. Rather, the Town contends that this provision simply mandates that the notice of decision clearly reveals its basis.

In the instant case, the Town notes that the Board was presented with the legal issue of whether it must include one-half the area of the road on which a lot fronts in determining lot size for the minimum acreage zoning requirement. The Town argues that since the Board was only presented with a question of law, its notice of decision, which included a thorough explanation of its basis without reference to or reliance on specific facts, sufficiently disposed of the issue presented so as to constitute the "findings of fact" required under 24 V.S.A. § 4470(a). The Town's argument is a good one, but it contains a fatal flaw.

The plaintiffs' request for relief not only presented for the Board's consideration the question of whether they could include the road right of way to meet the acreage requirement of the zoning ordinance, an appeal under 24 V.S.A. § 4464(c)(1), but it also requested relief from that requirement. Such a request is in the nature of a variance application as provided for by 24 V.S.A. § 4464(c)(2). In this regard, we note that (1) the plaintiffs referred to their request for relief as an application for a variance when they first appeared before the Board, (2) the published notice of the plaintiffs' request indicated that it was "for a variance," and (3) the plaintiffs submitted facts to the Board tending to support their application for a variance.

Thus, it is apparent that the Board was presented with and considered requests for two distinct types of relief: a variance and an appeal. However, the content of the Board's notice of decision responds only to the latter. It in no way responds to

the plaintiffs' request for relief from the acreage requirement, that is, for a variance. As to this element of the plaintiffs' request for relief, no written decision has ever been communicated to the plaintiffs. As such, the Board failed to comply with the requirements of 24 V.S.A. § 4470, and therefore we hold that the trial court ruled correctly that the plaintiffs' application for a variance had beeen granted by operation of law. *Glabach* v. *Sardelli, supra,* 132 Vt. at 495, 321 A.2d at 5.

*Affirmed.*