## Roger and Margaret Benoit v. Town of Barre

[458 A.2d 1120]

No. 104-81

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and
Barney, C.J. (Ret.), Specially Assigned

Opinion Filed April 5, 1983

*Bruce Bjornlund,* Waterbury, for Defendant-Appellant.

Per Curiam. This is a zoning appeal. It was appealed from the Barre Town Board of Adjustment to Washington Superior Court under the authority of 24 V.S.A. § 4471. That court determined that the Board failed to make its decision, with particular reference to findings of fact, within the forty-five day limit after the hearing. Specifically, the lower court found that the only purported findings were merely conclusions of law, and did not indicate to the parties and the appellate court what was decided and upon what considerations. Accordingly, on the authority of *Punderson* v. *Town of Chittenden,* 136 Vt. 221, 225, 388 A.2d 373, 376 (1978), and the provisions of 24 V.S.A. § 4470(a), the court found and ordered that the application for a conditional use permit for a community care facility for elderly persons must be deemed to have been granted.

The arguments in this Court against the result repeat the contentions made in *Punderson* that stating the proposition that represented the ultimate conclusion of the Board was enough to escape the penalty portion of the statute. Even on appeal we are left unadvised as to what underlies the conclusions given. The decision below must be supported, unless *Punderson* is to be overruled, which we decline to do. See

*Potter* v. *Hartford Zoning Board of Adjustment,* 137 Vt. 445, 447, 407 A.2d 170, 171 (1979).

*Affirmed.*