## Michael and Marcia McGlynn v. Town of Woodbury

[533 A.2d 1187]

No. 85-184

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.), and Hill, J. (Ret.), Specially Assigned**

Opinion Filed August 14, 1987

*Patrick L. Biggam*, Montpelier, for Plaintiffs-Appellees.

*Robert Halpert*, Montpelier, for Defendant-Appellant.

**Hill, J.** (Ret.), Specially Assigned. The Town of Woodbury appeals an order of the superior court declaring that plaintiff's request for a variance be deemed granted by operation of law. We reverse.

We are concerned here solely with the procedural history of the case. In July, 1984, the Administrative Officer for the Town of Woodbury denied plaintiffs' application for a zoning permit. Plaintiffs subsequently appealed to the Zoning Board of Adjustment (Board) seeking a variance or, in the alternative, a determination that their property was a pre-existing small lot and thus exempt from set-back requirements. The Board affirmed the Administrative Officer's denial. It did not, however, make adequate findings in support of its decision.

Two months later, plaintiffs filed a declaratory judgment action in superior court contending that their variance application should be deemed granted in accordance with 24 V.S.A. § 4470(a) because of the Board's inadequate findings. The town appeared specially to contest the court's jurisdiction, arguing that plaintiffs had failed to file a notice of appeal from the Board's decision in accordance with 24 V.S.A. § 4471 and 3 V.S.A. § 815, and were therefore foreclosed from seeking review of the Board's denial of their variance application. See 24 V.S.A. § 4472(a) ("exclusive remedy of an interested person with respect to any decision or act taken . . . shall be the appeal to the board of adjustment under section 4464 of this title, and the appeal to a superior court from an adverse decision upon such appeal under section 4471 of this title."). The superior court denied the town's motions to dismiss and for reconsideration, and granted plaintiffs' motion for summary judgment on the grounds that *Potter* v. *Hartford Zoning Board of Adjustment*, 137 Vt. 445, 407 A.2d 170 (1979), carved out an exception to the exclusivity provision cited above.

In *Potter*, the plaintiff's application for a zoning variance was denied by the municipal zoning board without adequate findings of fact as required by 24 V.S.A. § 4470(a). The plaintiff appealed to the superior court under 24 V.S.A. § 4471, and that court, after ruling that the board had not complied with the mandate of § 4470(a), ordered the board to issue the variance. *Id.* at 446-47, 407 A.2d at 171-72. On appeal, this Court interpreted the requirement of findings of fact in 24 V.S.A. § 4470(a) to necessitate " 'an indication of how the result was arrived at.' " *Id.* at 447, 407 A.2d at 172 (quoting *Punderson* v. *Town of Chittenden*, 136 Vt. 221, 225, 388 A.2d 373, 376 (1978)). Based on this interpretation of § 4470(a), the Court held that the applicant "automatically received a variance when the zoning board of adjustment failed to

comply with the mandate of § 4470(a)." *Id.* at 448, 407 A.2d at 172.

In addressing the subsidiary issue of whether the superior court erred in granting the variance without making findings of fact as required by 24 V.S.A. § 4468(a), the Court also stated, consistently with its earlier holding, that such findings were "not necessary . . . because the court did not grant the variance. By operation of statute, [the variance] had already devolved upon the plaintiff. He automatically received a variance when the [Board] failed to comply with the mandate of § 4470(a). For that reason, the plaintiff's appeal was superfluous, and a de novo trial was unnecessary." *Id.*

In the instant case, the superior court relied on the last-quoted language of the *Potter* decision for the proposition that where a zoning board issues a timely decision with inadequate findings, a "variance is granted by operation of statute." Thus, the court found that a direct appeal as required by 24 V.S.A. § 4472(d) was unnecessary. Accordingly, and notwithstanding the express language of § 4472(a) and (d), the court found no jurisdictional bar to its declaratory ruling that plaintiffs had obtained a variance by operation of law.

While this case was pending on appeal, this Court decided *City of Rutland* v. *McDonald's Corp.*, 146 Vt. 324, 503 A.2d 1138 (1985), which overruled *Potter*, and held that a timely decision by a zoning board based upon inadequate findings is not equivalent to a failure to render a decision. *Id.* at 330, 503 A.2d at 1142. The Court stated, relying on the express language of 24 V.S.A. § 4472(a), that: "After a timely denial [by the board of adjustment], no matter how deficient the findings, 'the exclusive remedy of an interested person . . . shall be . . . appeal to a superior court . . . .' " *Id.* (quoting 24 V.S.A. § 4472(a)). Under *City of Rutland*, if no interested person files a timely appeal, all interested persons affected are bound thereby and cannot later contest such decisions of the board in any proceeding. *Id.* (quoting 24 V.S.A. § 4472(d)).

Plaintiffs contend that the application of the *City of Rutland* decision to their case would be an inequitable retroactive application of the rule announced in that case. We must of necessity reject this argument, however, because we applied the holding of *City of Rutland* to the litigants in that case, *id.* at 331, 503 A.2d at 1142, and plaintiff has not pointed to any equitable considera-

tions which suggest or mandate a different result in this case. Furthermore, if read in conjunction with this Court's prior decisions regarding the procedure to be followed to preserve the right to review decisions of a zoning board of adjustment, the *Potter* case does not require that the plaintiff here be excused from compliance with the clear mandate of 24 V.S.A. § 4472(a) and (d).

This Court has repeatedly held that, absent allegations of a constitutional defect, the failure to file a timely notice of appeal from an adverse decision of a zoning board of adjustment forecloses further review, whether it be by an appeal, an action for declaratory judgment, or a request for injunctive relief. See *State Buildings Division* v. *Town of Castleton Board of Adjustment*, 138 Vt. 250, 254-55, 415 A.2d 188, 191-92 (1980); *Harvey* v. *Town of Waitsfield*, 137 Vt. 80, 82, 401 A.2d 900, 901 (1979); *Galanes* v. *Town of Brattleboro*, 136 Vt. 235, 236-37, 388 A.2d 406, 408 (1978); *Shortle* v. *Rutland Zoning Board of Adjustment*, 136 Vt. 202, 203, 388 A.2d 430, 431 (1978); *Fisher* v. *Town of Marlboro*, 131 Vt. 534, 535-36, 310 A.2d 119, 119 (1973).

The *Potter* case did not address the jurisdictional issue presented in this case.* The appealing party in *Potter* had filed a timely notice of appeal, rendering any language in *Potter* relating to the jurisdictional issue presented in this case dictum. Therefore, although *City of Rutland* cleared up some ambiguity created by dictum in *Potter* relating to the jurisdictional issue presented in this case, the decision in *City of Rutland* relating to the jurisdiction of the superior court was mandated by the express language of § 4472(a) and (d), as well as this Court's numerous prior decisions interpreting those provisions.

Vermont's Declaratory Judgments Act, 12 V.S.A. §§ 4711-4725, does not enlarge the subject matter jurisdiction of the courts. *City of Rutland*, 146 Vt. at 331, 503 A.2d at 1142-43; *Trivento* v. *Commissioner of Corrections*, 135 Vt. 475, 478, 380 A.2d 69, 72 (1977). Since plaintiffs failed to challenge the Board's decision by the exclusive remedy of direct appeal, they became bound by that denial, 24 V.S.A. § 4472(d), and the superior court was without jurisdiction to declare the request for a variance granted.

---

* The same conclusion applies to the two decisions of this Court which followed *Potter* and were also subsequently overruled by *City of Rutland*. In both *Benoit* v. *Town of Barre*, 142 Vt. 608, 608, 458 A.2d 1120, 1121 (1983), and *Benzie* v. *Town of Underhill*, 142 Vt. 263, 264, 454 A.2d 1233, 1233 (1982), timely notices of appeal to the superior court were filed.

*The superior court's judgment is reversed, and the declaratory judgment action is dismissed.*