STATE OF VERMONT

ENVIRONMENTAL COURT

Long View Investments Site Plan Application }   Docket No. 197-9-05 Vtec
(Appeal of Long View Investments, LLP) }

Decision and Order on Motion for Summary Judgment and
Motion for V.R.E.C.P. 5(i) Remand

Appellant-Applicant Long View Investments, LLP (Appellant-Applicant) appealed from a decision of the Planning Commission of the Village of Manchester, denying Appellant-Applicant's application for site plan approval for a fourteen-unit condominium development. Appellant-Applicant is represented by A. Jay Kenlan, Esq.; and the Village is represented by W. Michael Nawrath, Esq. Interested Persons Sally C. McVie, Charles Pufahl, Muriel Pufahl, Dorothy Costabile, Gary A. Everson, William W. Hichborn, Jr., Graceann Hichborn, Lila Silverman, Gilbert B. Silverman, Mary R. Giolito, R.J. Giolito, and the Longview Farms Homeowners Association have entered their appearance and represent themselves, but did not file memoranda on the pending motions. Appellant-Applicant has moved for summary judgment on the issue of deemed approval; the Village has requested the remand of the appeal to the Planning Commission for its reconsideration under V.R.E.C.P. 5(i).

The following facts are undisputed unless otherwise noted. On January 14, 2005, Appellant-Applicant applied to the Zoning Administrator for a zoning permit, and to the Planning Commission for site plan approval, for the construction of fourteen condominium units in seven buildings. Between that filing and the September 12, 2005 hearing at issue in the present case, the application underwent hearings before the Design

1

Review Board and the Planning Commission, so that as of the September 12, 2005 Planning Commission hearing, the design had changed one or more times. The proposal as presented in September of 2005 involved the fourteen units in six buildings, consisting of four two-unit buildings and two three-unit buildings.

At the September 12, 2005 Planning Commission hearing, the minutes of its August 1, 2005 meeting and its August 17, 2005 special meeting were reviewed, amended, voted upon, and accepted unanimously, suggesting that it had been the routine practice of the Planning Commission to do so for the minutes of each meeting at the next available regular meeting.

At the September 12, 2005 Planning Commission hearing on the present application, one of the commissioners read the recommendation of the Design Review Board[1] (apparently recommending against approval of the project) into the record and it was made part of the minutes of the hearing. Appellant-Applicant's representative presented the changes and modifications the applicant had made since the previous hearing. The Commission members questioned Appellant-Applicant's representative about whether the plan could be further changed in light of the Design Review Board's comments or recommendation, and allowed testimony from other interested persons at the hearing and responses from Appellant-Applicant's representative. The Planning Commission closed testimony on the application at 9:15 p.m. on September 12, 2005, and went into deliberative session to consider the application.

Facts are disputed as to whether Appellant-Applicant's representative was or was not advised that the Planning Commission might make a decision that evening on the

---

[1] These recommendations were not provided to the Court as part of the minutes of the September 12, 2005 hearing; that omission is not significant in light of the Court's present decision. However, the parties should be aware of 24 V.S.A. §4464(d) regarding the Design Review Board's advisory function in any future proceeding.

application; however, that fact is not material to any of the issues on summary judgment.

The Planning Commission emerged from deliberative session at 10:16 p.m. and voted unanimously to deny the application. The Planning Commission then directed the Zoning Administrator "to advise the applicant that the application is denied." The Planning Commission proceeded to consider other business, and adjourned at 10:43 p.m.

The parties provided the Court with the minutes of the September 12, 2005 Planning Commission meeting, but did not provide facts as to when or whether those minutes were voted upon or approved. For the purposes of this motion we will presume that the Planning Commission followed its apparent practice of approving minutes at the following Planning Commission regular meeting, so that they would have been approved at a mid-October 2005 meeting or within 45 days from September 12, 2005.

On September 16, 2005, the Zoning Administrator informed Appellant-Applicant, in writing, that the application had been denied unanimously by the Planning Commission on September 12, 2005. The Zoning Administrator's letter stated the Commission's "appreciat[ion]" of Appellant-Applicant's efforts to modify the project towards meeting the Village's "Design Guidelines,"and of the professionalism of Appellant-Applicant's representative, and went on to explain that the proposed development "departs so far from Guideline provisions for area compatibility, in terms of siting, scale, massing and detailing, that denial was mandated." We do not here address the merits of the Planning Commission's decision; in any event, neither the regulations applicable to site plan approval nor the design guidelines have been provided to the Court.

Appellant-Applicant has moved for summary judgment that its application has been deemed approved, arguing that the Planning Commission decision embodied in the minutes was deficient in a number of respects, and that the Zoning Administrator's letter could not constitute a decision of the Planning Commission at all, and that therefore no decision was issued within forty-five days of the hearing as required by 24 V.S.A.

3

§4464(b)(1).

Deemed approval is intended to remedy protracted deliberations and indecision; it has been denied in cases involving "timely rendered, but technically deficient or insufficiently noticed decisions." In re Appeal of McEwing Services, LLC, 2004 VT 53, ¶ 21; 177 Vt. 38, 46 (2004). It is not intended to remedy prompt but flawed decision-making, especially if the result of the deemed approval could be a decision contrary to the town's ordinance. In re: Appeal of Newton Enterprises, 167 Vt. 459, 465-66 (1998); and see City of Rutland v. McDonald's Corp., 146 Vt. 324 (1985). The older case of Potter v. Hartford Zoning Bd. of Adjustment, 137 Vt. 445 (1979) discussed by Appellant-Applicant, to the extent that it was not overruled by the McDonald's decision, merely states the principle, now embodied in 24 V.S.A. §4464(b)(1) (discussed further below), that the municipal tribunal must provide reasons to the property owner, and not merely the end result.

Accordingly, deemed approval is not appropriate in the present case, as a timely decision was made, however inadequate the findings or the decision. See also, e.g., Appeal of Angelino, Docket No. 261-11-02 Vtec (Vt. Envtl. Ct., May 22, 2003).

Although the application is not deemed to be approved, Appellant-Applicant is correct that the Planning Commission decision was deficient, at best. Decisions of the Planning Commission made after September 1, 2005[2] are required to be issued in writing and are required to "include a statement of the factual bases on which" the Planning Commission "made its conclusions and a statement of the conclusions." 24 V.S.A. §4464(b)(1). The statute provides that the minutes of the meeting may be sufficient to constitute this written decision, but the minutes must then provide the "factual bases and

---

[2] The effective date section of the 2004 statutory changes is found in Section 119 of Act No. 115, as corrected by Section 296(1)(a)(2) and (3) of Act No. 296.

4

conclusions relating to the review standards" in conformance with 24 V.S.A. §4464(b)(1). Neither the minutes of the meeting nor the Zoning Administrator's letter meets this standard; moreover, the Zoning Administrator's letter cannot be considered as a decision of the Planning Commission, but only as notification of the decision.

In addition, whether a decision is issued as a separate written decision or within the minutes of the meeting, it must be sent by certified mail to the applicant and/or the appellant, and also must be mailed to anyone who appeared and was heard at the hearing. 24 V.S.A. §4464(b)(3). This requirement was not met in the present case, at least as to Appellant-Applicant.

Accordingly, the Village has moved under V.R.E.C.P. 5(i) to request this matter to be remanded, so that the Planning Commission can reconsider its decision and adopt written findings of fact and conclusions of law. If 'deemed approval' had occurred, due to delay by the Planning Commission, it could not have salvaged its decision by a requested remand; however, as deemed approval did not occur, it is the better practice for the Court to allow the tribunal appealed from to correct its own deficiencies in the first instance. If it reconsiders and reaches the same result, appeal of the merits of the new decision remains available to Appellant-Applicant, and the Court would waive the filing fee, as the remand was not made necessary due to any action by Appellant-Applicant. If it reconsiders and reaches a different result, the parties who participated at the Planning Commission will be sent the decision as required by 24 V.S.A. §4464(b)(3), and may file an appeal of that new decision. Under V.R.E.C.P. 2, the Court would expedite the schedule of any new appeal so as to reach the merits hearing particularly promptly, in light of the remand.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant's Motion for Summary Judgment on the issue of 'deemed approval' is DENIED, and the Village's Request for Remand is GRANTED. The decision is hereby VACATED and the matter is hereby REMANDED to the Planning Commission, concluding this appeal. Any appeal filed from any future decision of the Planning Commission regarding this project after remand will be a new appeal, as discussed above, and will receive a new docket number. For ease of reference, any application to waive the filing fee in any new appeal should mention the docket number of the present appeal.

Done at Berlin, Vermont, this 24th day of April, 2006.

_____

Merideth Wright
Environmental Judge

6