STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re Stagecoach Road 6-Lot Subdivision | } | Docket No. 238-11-05 Vtec |
| (Appeal of Wickart) | } | |

Decision and Order on Appellant's Motion to Remand and
on Appellee-Applicant's Motion to Dismiss or for Summary Judgment

Appellant Debra Wickart appealed from a decision of the Development Review Board (DRB) of the Town of Morristown, granting subdivision approval to Appellee-Applicant Kenfield Brook Properties, LLC, for a six-lot subdivision to be located on Stagecoach Road. Under V.R.C.P. 79.1, Appellant is represented by Kathleen O'Neill, Esq., for the limited purpose of the motion for remand, and otherwise represents herself. The Town is represented by Will S. Baker, Esq.; and Appellee-Applicant is represented by Ellen M. O'Toole, Esq.

Appellee-Applicant has renewed its motion for dismissal of the appeal due to lack of party status, and has moved in the alternative for summary judgment. Appellant has moved to remand the matter to the DRB, due to the inadequacy of findings and conclusions in the Notice of Decision.

Appellee-Applicant asks this Court to revisit the Court's February 24, 2006, decision denying a motion to dismiss Appellant for lack of standing. We have reviewed the new materials submitted on this issue, and decline to dismiss this appeal based on the extent of Appellant's participation before the DRB, for the reasons stated fully in the February 24, 2006 decision.

1

This appeal is on the record, as the Town has adopted and implemented the procedures necessary for on-the-record determinations pursuant to 24 V.S.A. §4471(b), so that the Municipal Administrative Procedures Act, 24 V.S.A. §1201 et seq., applies to this application. Section 1209(b) of the Municipal Administrative Procedures Act requires that "[f]indings of fact shall explicitly and concisely restate the underlying facts that support the decision. They shall be based exclusively on evidence of the record in the contested hearing." Section 1209(c), in turn, requires the conclusions of law in the decision to be based on the findings of fact.

Regardless of whether a DRB proceeding is on the record or is de novo, its decision made after September 1, 2005[1] must be issued in writing and must "include a statement of the factual bases on which [the DRB] has made its conclusions and a statement of the conclusions." 24 V.SA. §4464(b)(1). That section allows the minutes of the meeting to suffice as the written decision, provided that "the factual bases and conclusions relating to the review standards are provided in conformance with this subsection."

The Notice of Decision in the present case contains nine numbered sentences labeled "Findings of Fact," which do not actually contain factual findings made from the evidence. Rather, sentences 1 through 8 briefly describe the parcel and the proposed subdivision, and sentence 9 lists the applicable sections of the Zoning and Subdivision Bylaws. The section of the Notice of Decision labeled "Conclusions" then lists each of the criteria and states that it is met, also without adding any findings of fact, and without disclosing the reasoning[2]

---

[1] The effective date section of the 2004 statutory changes is found in Section 119 of Act No. 115, as corrected by Section 296(1)(a)(2) and (3) of Act No. 296.

[2] Only paragraph #2 of the 'conclusions,' regarding the character of the land, contains a statement that could be considered a finding: that the area is "primarily residential, with similarly sized single-family home lots across from the proposed subdivision." However, it does not link that characterization to the proposed subdivision

2

linking conclusions to the findings or to the evidence relied on from the record. There is no dispute that the DRB made a conclusion on each of the applicable criteria, nor do the parties dispute that the regulations do not need to be quoted in full in the Notice of Decision. Rather, the issue is whether the DRB made adequate findings of fact to support its conclusions, and whether it provided its reasoning from the findings to the conclusions. Assuming that, over the course of three hearings and a site visit, the DRB carefully considered a great deal of evidence and applied the necessary standards to that evidence, the issue here remains whether the Notice of Decision adequately discloses the DRB reasoning and the factual basis for its decision.

Even in a de novo case, and much more importantly in an on-the-record appeal, a DRB must issue an explanatory decision stating the factual bases on which it has made its conclusions, as well as stating the conclusions. In the present case, the bare statements that the proposal conforms to each section of the applicable regulations provide no insight into the DRB's reasoning, nor do they provide any information regarding what facts the DRB did or did not take into consideration in making each conclusion, or what evidence from the record it found persuasive or reliable. As a panel of the Supreme Court explained in another appeal from the Morristown DRB, "the purpose of findings is to make a clear statement to the parties and the court in the event of an appeal on what was decided and how the decision was reached." In re Appeal of Leikert, Docket No. 2004-213, slip op. at 2 (Vt. Supreme Ct., Nov. 10, 2004) (three-justice panel), and cases cited therein. The Notice of Decision in the present case does not meet the minimum requirements for adequate findings or conclusions.

The Town asks the Court to apply a different and less stringent standard to a decision approving an application than one denying the application, relying on the

---

or the character of the land.

statements from In re Appeal of Leikert, slip op. at 2, that a single finding in the Leikert DRB decision "in and of itself . . . was insufficient to support denial" of the application and, quoting Potter v. Hartford Zoning Bd. of Adjustment, 137 Vt. 445, 447 (1979), that "the Legislature intended that an appealing property owner would get reasons, as well as a result, when a zoning board . . . rules against him." These statements reflect the procedural posture in which the Leikert appeal arose, as an appeal from a permit denial.

However, the requirement for adequate findings and reasoned conclusions is not provided in the statute solely for the benefit of a disappointed applicant who wishes to appeal. Rather, the statutory scheme allows neighbors and other interested parties and municipalities to bring an appeal, if they have participated in the proceedings before the municipal board or commission. Not only do findings help the parties plan their cases for rehearings and judicial review, and assist the reviewing courts, they also "assure more careful . . . consideration" by the tribunal that will have to make the findings. In re Appeal of Leikert, Docket No. 2004-213, slip op. at 2, quoting City of Rutland v. McDonald's Corp., 146 Vt. 324, 330 (1985). Findings may also enable the zoning staff and future DRB, if faced with an amendment application, to determine what the earlier decision was and why it was reached.

Appellee-Applicant also suggests that, as the proceedings were recorded and are part of the record, the Court could determine from the DRB minutes and the transcript[3] of the DRB hearings that the DRB decision is sufficiently supported by the evidence stated at the hearing, regardless of the adequacy of the Notice of Decision. Appellee-Applicant

---

[3] We note that it would be entirely inappropriate for the Court to review, as proposed in the present appeal, a transcript of the DRB hearings prepared by the law firm representing one of the parties. See V.R.E.C.P. 5(h)(1); and see also Appeal of Walters, Docket No. 206-11-03 Vtec (Vt. Envtl. Ct., Oct. 8, 2004). In the absence of an independently-prepared transcript, the record would consist of the documents together with the electronic audio or video record of the proceedings.

argues that "all participants" (and presumably this Court, and the Supreme Court if this is further appealed) "were and are capable of determining the reasoning and justification for the DRB's grant of approval" by perusing the record.

On the contrary, the requirement in an on-the-record appeal that the findings of the tribunal be supported by substantial evidence in the record as a whole is the required link between the evidence and the findings. It does not substitute for the requirement that the DRB decision lay out the links between the evidence and the factual findings, and lay out the links between the factual findings and the conclusions. Rather, a DRB decision on the record must provide the links of reasoning between the record and the result, as well as having an adequate basis in the evidence in the record.

Moreover, the panel of the Supreme Court in In re Appeal of Leikert, slip op. at 2, emphasized that the reviewing court should not be "put in the position of perusing the record and making its own assessment of the credibility of the witnesses and the weight to be given the evidence," as that is not the role of the Court.

Accordingly, the DRB decision must be vacated and the matter must be remanded to the DRB for it to take whatever further action it determines to be appropriate based on this decision and following the guidance of the Vermont Supreme Court in In re Appeal of Leikert, Docket No. 2004-213 (Vt. Supreme Ct., Nov. 10, 2004) (three-justice panel). It will be for the DRB to determine whether sufficient evidence was presented in the record from which it can draft adequate findings and conclusions, or whether it wishes to reopen the hearing to take any supplementary evidence.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's Motion to Dismiss is DENIED, that Appellee-Applicant's Motion for Summary Judgment is DENIED, and that instead summary judgment is GRANTED in

5

favor of Appellant. The October 24, 2005 decision of the Morristown DRB granting approval for a six-lot subdivision to Kenfield Brook Properties LLC is hereby VACATED and REMANDED to the DRB, concluding this appeal.

Done at Berlin, Vermont, this 15th day of May, 2006.

_____

Merideth Wright
Environmental Judge