STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Environmental Division Unit | Docket No. 141-11-15 Vtec |

**Snyder NOV**

## ENTRY REGARDING MOTION

| | |
|---|---|
| Title: | Motion for Summary Judgment (Motion 1) |
| Filer: | Town of Orwell |
| Attorney: | Amanda S.E. Lafferty |
| Filed Date: | Feb. 24, 2016 |

Response in Opposition filed on 03/28/2016 by Attorney Carl H. Lisman for Appellant Andrew Snyder.
Reply filed on 04/08/2016 by Attorney Amanda Lafferty for Town of Orwell.

**The motion is DENIED.**

Andrew Snyder (Appellant) has appealed the Town of Orwell Development Review Board's (DRB) decision affirming a Notice of Violation (NOV) issued by Town Administrative Officer for the Town of Orwell for Mr. Snyder's alleged unpermitted land development. Pending before the Court is the Town of Orwell's motion for summary judgment requesting that this Court dismiss Mr. Snyder's appeal as untimely. The Town argues that Mr. Snyder's appeal should be dismissed because it was filed outside the 30-day window allowed by the Rules of Environmental Court Procedure (V.R.E.C.P.) 5(b)(1). In opposition, Mr. Snyder claims that the 30-day window had not run by the time he filed his notice of appeal, and even if it had, he had no notice of the DRB's decision and thus the 30-day appeal period should be extended to prevent manifest injustice.

### Factual Background

For the purpose of putting the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1. Mr. Snyder owns or occupies property at 682 Sunset Lake Road in Orwell, Vermont.

2. On or about June 5, 2015, Mr. Snyder was served with the NOV by the Town Administrative Officer for the Town of Orwell.

3. Mr. Snyder timely appealed the NOV to the DRB, and a hearing was held on his appeal on or about July 15, 2015. Mr. Snyder was present at the July 15, 2015 hearing.

4. On October 21, 2015, the DRB closed the hearing on Mr. Snyder's appeal.

5. In a written letter composed on October 21, 2015, the DRB stated that it had decided to uphold the NOV.

6. The letter was mailed to Mr. Snyder on October 29, 2015.

7. Mr. Snyder claims to have received the letter on November 10, 2015.

8. On November 25, 2015, Mr. Snyder appealed the DRB's decision to this Court.

9. On February 24, 2016, the Town moved for summary judgment claiming the appeal was untimely as it was filed more than 30 days from the date of the decision.

## Discussion

The Court will grant summary judgment to a moving party only if that party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

10 V.S.A. § 8504(b)(1) and V.R.E.C.P. 5(b)(1) require that an appeal of a DRB's decision be filed with the Environmental Division within 30 days of the decision. The failure to timely file a notice of appeal deprives this Court of jurisdiction to hear the matter. In re Gulli, 174 Vt. 580, 583 (2002). Relief from the 30-day appeal period may be granted in limited circumstances if "manifest injustice" will result if the late appeal is not allowed. 10 V.S.A § 8504(b)(2)(C).[1]

The DRB's decision, in the form of a letter, is dated October 21, 2015, and Mr. Snyder's notice of appeal was received on November 25, 2015.[2] Thus the Town argues, Mr. Snyder's appeal is untimely and the decision of the DRB should be upheld. In response, Mr. Snyder argues that he had no way of knowing of the decision on the 21st because it was not mailed until the 29th and his appeal was timely filed within 30 days of receiving the decision.

It is not entirely clear what is considered the "date of the act or decision" for purposes of 10 V.S.A. 8504(b)(1); the date the DRB reached the decision or the date the decision was received by those entitled to notice. If October 21, 2015 is considered the date of the DRB's decision, Mr. Snyder's notice of appeal is beyond the 30-day window allowed by Section 8504(b)(1). The decision was not mailed to Mr. Snyder, however, until October 29, 2015, and there is no indication that he had notice of the decision prior that date. Some of our case law does indicate that the 30-day window does not begin to run until a party entitled to notice could have become aware of the decision. See Town of Hinesburg v. Dunkling, 167 Vt. 514, 522 (1998) (appeal period began when appellant received mailed copy of the decision); Atwood PUD – Jericho, No. 170-12-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Feb. 18, 2015) (Walsh, J.) (holding that appeal period began at time appellants were put on notice of the DRB's decision). We need not resolve this question here, however, for even if October 21 is considered the date of the decision, we find an extension is required to prevent manifest injustice.

---

[1] Additionally, under Vermont Rules of Appellate Procedure (V.R.A.P.) 4, made applicable here by V.R.E.C.P. 5(b)(1), this Court may extend the deadline to file an appeal if the moving party requests an extension by motion within 30 days after the initial appeal period has run, and the movant shows excusable neglect or good cause for the extension. Here, however, Mr. Snyder did not request an extension of the 30 day appeal period until he responded to the Town's motion for summary judgment in March of 2016, well beyond 30 days after the initial appeal period. Therefore, the good cause and excusable neglect provisions of V.R.A.P. 4 do not apply.

[2] Mr. Snyder also challenges whether the letter constitutes a decision and the adequacy of notice provided by the letter. Because we find that the delay in mailing the letter to Mr. Snyder warrants extending the time to file an appeal, we need not reach this issue.

An appeal will be allowed under the manifest injustice clause of 10 V.S.A. § 8504 where due process or fundamental fairness outweighs the strong policy in favor of finality and demands that the appellant be allowed to contest the municipal decision. See Atwood PUD, No. 170-12-14 Vtec, slip op. at 2. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). "The right to be heard is worth little unless one is informed that the matter is pending and can choose 'whether to appear or default, acquiesce or contest.'" Town of Randolph v. Estate of White, 166 Vt. 280, 283 (1997) (quoting Mullane, 339 U.S. at 314).

Here, we find that principles of due process and fairness require us to extend the 30-day appeal window in order to prevent manifest injustice. Although the DRB may have reached a decision on October 21, 2015, there was no evidence presented that Mr. Snyder had notice of this decision, constructive or actual, until, at the earliest, the 29th of the month. It would be antithetical to the requirements of due process to allow a municipal panel to summarily shorten the 30-day appeal window by withholding notice of its decision. See Glabach v. Sardelli, 132 Vt. 490, 495 (1992) (discussing concern that without publication requirement, a municipal panel could bury its decision until appeal period has run). Therefore, we conclude that Mr. Snyder's notice of appeal filed on November 25, 2015 was timely, and we therefore **DENY** the Town's motion for summary judgment.

**So ordered.**

Electronically signed on April 28, 2016 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Carl H. Lisman (ERN 3882), Attorney for Appellant Andrew Snyder
Judith L. Dillon (ERN 5040), Co-counsel for Appellant Andrew Snyder
Amanda Lafferty (ERN 5113), Attorney for Interested Person Town of Orwell
Interested Person Carla A. Ochs
Interested Person Frank Mobilio
Interested Person Dolores Mobilio
For Informational Purposes Only Jamie Longtin