# Leo's Motors, Inc., et al. v. Town of Manchester

# James E. Hand, et al. v. Town of Manchester

[613 A.2d 196]

Nos. 91-586 and 91-587

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 19, 1992

*Richard H. Coutant* of *Salmon and Nostrand,* Bellows Falls, for Plaintiffs-Appellees Leo's Motors and Charbonneau.

*Marilyn F. Hand* of *Whalen and Nawrath,* Manchester Center, for Plaintiffs-Appellees Hand.

*Robert E. Woolmington* of *Witten, Saltonstall & Woolmington, P.C.,* Bennington, for Defendant-Appellant.

**Morse, J.** These consolidated appeals arise out of closely related facts and raise the identical legal issue under 24 V.S.A. § 4470. The Town of Manchester appeals two rulings of the Bennington Superior Court that the Manchester Zoning Board of Adjustment wrongfully denied sign ordinance variances to ap-

plicants. We are asked to decide whether a written board decision, notice of which was inadvertently delayed beyond the statute's mandated 45-day period, requires automatic variance approval. We decline to reach that result, and reverse.

In 1986, the Town of Manchester adopted a sign ordinance that required nonconforming signs to be brought into compliance with specified standards within five years. Section IV(2) provided that "[f]ree-standing signs which are non-conforming . . . may continue to be displayed until February 11, 1991, at which time they shall be replaced or altered to conform with the present ordinance."

Three days before the compliance deadline, applicant Leo Charbonneau applied for a variance to display a service station sign that was nonconforming on the basis of size and height. On the same day, John and James Hand applied for a variance for a similar nonconforming sign. Hearings were held before the Board on March 25 and April 1, 1991. In each case the Board denied the application in signed written decisions dated April 29, 1991. Three days later, on May 2, 1991, the Manchester zoning administrator left her job without mailing the decisions to the applicants. On May 17, 1991, forty-seven days after completion of the hearing before the Board, another town official noticed that the decisions had not been sent and immediately mailed them to Charbonneau and the Hands.

Each applicant appealed to the superior court pursuant to 24 V.S.A. § 4471, arguing that the variances were deemed awarded by default under 24 V.S.A. § 4470(a), as they had not been received within the mandated 45-day period. 24 V.S.A. § 4470(a) states in relevant part:

> (a) The board shall render its decision, which shall include findings of fact, within forty-five days after completing the hearing, and shall within that period send to the appellant, by certified mail, a copy of the decision. . . . If the board does not render its decision within the period prescribed by this chapter, the board shall be deemed to have rendered a decision in favor of the appellant and granted the relief requested by him on the last day of such period.

The court granted summary judgment to each applicant, and the Town appealed to this Court.

In *Glabach v. Sardelli*, 132 Vt. 490, 495, 321 A.2d 1, 5 (1974), we held that a variance decision is not rendered until it is mailed to the applicant. The concern in *Glabach* was that appeal rights could be lost if the Board decided to "'bury [the decision] in the minutes of a meeting, and neglect to comply with the notification requisites of the statute.'" *Hinsdale v. Village of Essex Junction*, 153 Vt. 618, 624, 572 A.2d 925, 929 (1990) (quoting *Glabach*, 132 Vt. at 495, 321 A.2d at 5). That concern was eased by our decision in *Nash v. Warren Zoning Board of Adjustment*, 153 Vt. 108, 113 n.5, 569 A.2d 447, 451 n.5 (1989), where we decided that the appeal period does not begin to run at the time the Board takes its vote. Based in part on *Nash*, in *Hinsdale* we narrowed *Glabach* to hold "that a zoning board decision can be considered rendered before notice is mailed to the applicant if the board has made a decision and given the parties actual notice of its action before the expiration of the forty-five day period, regardless of when the decision is reduced to writing." *Hinsdale*, 153 Vt. at 625, 572 A.2d at 929. We reasoned that a landowner with oral notice of a decision is in no different position from that of a party in a court trial, who can file a notice of appeal, relying on the oral decision even though entry of judgment comes later. We stated with respect to our construction of § 4470(a):

> The wording chosen by the Legislature clearly separates the giving of written notice from the rendering of the decision. The first sentence of § 4470(a) states that the "board shall render its decision . . . and shall . . . send to the appellant, by certified mail, a copy of the decision." It is directly inconsistent with the statutory language to say that a decision has not been rendered until it is sent to the landowner as required by § 4470(a).

*Hinsdale*, 153 Vt. at 623, 572 A.2d at 928.

The applicants argue that *Hinsdale* does not disturb the conclusion of the *Glabach* Court that the notice requirement is mandatory rather than directory, other than to hold that notice need not be in writing. We said, however, that:

> Since the deemed-approval remedy is applicable only when the board fails to "render its decision within the period prescribed by this chapter," the statute cannot be read to deem

approval on failure to give written notice within forty-five days of the hearing. The Legislature has not created a deemed-approval remedy for failure to give written notice of a decision within forty-five days, and, therefore, we must conclude that the notice time limit is directory.

*Id.* The *Hinsdale* rationale applies just as well to late notice to an applicant as it does to oral notice. And we are convinced by the reasoning of *Hinsdale*, the example of the present case, and the fact that the grounds for our concern in *Glabach v. Sardelli* have been addressed in subsequent case law that we should now overrule *Glabach* in favor of a rule more faithful to the language of § 4470(a) and more in keeping with the realities of the municipal zoning practice. Our goal must be to preserve the essence of the rights guaranteed by the Legislature to landowners and to the community, whatever the particular procedural fact patterns generated by the informality that often typifies municipal proceedings.

On the present facts, the Board's decisions were "rendered," the operative word in § 4470(a), within the prescribed 45-day period, and were not sent to the respective applicants because of the inattention of a departing town employee. The landowners were not without notice of the Board's decision because of the failure of the decision-making process—the central reason for the 45-day rule. *City of Rutland v. McDonald's Corp.*, 146 Vt. 324, 330, 503 A.2d 1138, 1142 (1985). As we emphasized in *McDonald's Corp.*, the "interest in prompt action must be balanced against the state's 'paramount obligation to promote and protect the health, safety, morals, comfort and general welfare of the people.' " *Id.* (quoting *La Salle National Bank v. City of Chicago*, 5 Ill. 2d 344, 350, 125 N.E.2d 609, 612 (1955)).

Again, we were concerned in *Glabach* that the purpose of the statute might not be served if "rendering" a decision did not include notice to the landowner. But the negligence or inadvertence of a municipal employee unrelated to the timeliness of the decisional process ought not defeat the strong policies in favor of phasing out nonconforming uses. Our reasoning in *Hinsdale* is relevant here:

This case involves neither indecision nor protracted deliberation. The defect in the board's action was in not sending the written notice in a timely fashion to the landowner. In

this way, the case is similar to [*In re Fish,* 150 Vt. 462, 465, 554 A.2d 256, 258 (1988),] where we found that the flaw in the landowner's "argument is that it extends the statutory approval remedy to technical defects in the notice provided." . . . We found, therefore, that the application of the deemed approval remedy "would go far beyond the intent of the Legislature."

153 Vt. at 624, 572 A.2d at 928.

In each of the decisions before us, the Board specifically found that "the continued nonconformity of the signage on this lot will have a detrimental effect to this part of town, being the entrance to the town from Manchester Village." This is a valid municipal concern, to be weighed along with the purpose of the statute to "'remedy indecision and protracted deliberations on the part of zoning boards.'" *Fish,* 150 Vt. at 464, 554 A.2d at 258 (quoting *In re Grace Bldg. Co.,* 42 Pa. Commw. 589, 593, 401 A.2d 407, 408 (1979)). We added in *Fish* that "[b]ecause the application of the statute can result in granting of permits that are wholly inconsistent with the zoning regulations of a municipality to the detriment of surrounding landowners, we must be careful to use it only where its application is clearly consistent with statutory intent." *Id.*; see *In re White,* 155 Vt. 612, 616, 587 A.2d 928, 930 (1990) (under 24 V.S.A. § 4407(2), relating to conditional use permits, applicant's technical argument did not accord with underlying purpose of deemed approval language similar to § 4470).

■■ We are now convinced that the purpose of the statute will be best served if we read § 4470(a) to require that a decision be rendered within forty-five days, whether or not the town observes the directive in that statute to "send to the appellant, by certified mail, a copy of the decision" within that period, so long as the failure to send a copy is inadvertent and not the result of a policy or purpose to withhold notice of the decision. By "rendered" we mean the decision is finally made before the expiration of the forty-five day period, regardless of when, or if, the decision is reduced to writing, *Hinsdale,* 153 Vt. at 625, 572 A.2d at 929, or made in writing.

We should note, in light of today's holding, that this case does not present the question of when a landowner's 30-day appeal period begins to run in the event a written decision is executed

by the Board and through inadvertence more than 30 days elapse before the town notifies the landowner of the decision. See V.R.C.P. 74; V.R.A.P. 4. We referred in *Hinsdale* to the risk that "a board could render a written decision, enter it by filing it with the clerk, and cut off appeal rights by failing to notify the landowner," 153 Vt. at 625, 572 A.2d at 929, simply to point out that, even in such event, the landowner would not be in a worse or different position than a court litigant under V.R.C.P. 77(d). We did not intend by that reference that a landowner who did not receive written or oral notice of a board decision within the time for appeal would necessarily be barred from appeal.

*Reversed.*