STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of William Karstens,    }
Judith Karstens, Andrew              }
LaBounty, Judy Lawrence, and         }    Docket No. 264-11-00 Vtec
James Jewett (on behalf of Esther    }
Jewett)                              }

Decision and Order on Appellees= Motion to Dismiss or for Summary Judgment

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Franklin, granting conditional use approval to Appellee-Applicants Richard and Joyce Boudreau to construct a canopy over the shooting range on their property at 1420 Gallup Road. Appellants are represented by Jon Anderson, Esq.; Appellee-Applicants are represented by Jesse D. Bugbee, Esq.; the Town is represented by Joseph S. McLean, Esq. Appellee-Applicants have moved to dismiss the appeal as untimely filed, which was treated as a motion for summary judgment by Appellants, as it was accompanied by an affidavit. The Town has not taken an active role to date in this appeal.

The following facts are undisputed unless otherwise noted. At the June 15, 2000 hearing on Appellee-Application, which Appellant William Karstens attended, the ZBA= s decision approving the application was announced orally. A written decision by the ZBA on Appellee-Applicants= conditional use application was issued on August 1, 2000. Appellee-Applicants were sent a copy the same day, but no copies were sent to any other person. A zoning permit was issued on August 17, 2000, and a copy was posted in the office of Town Clerk. No one appealed the issuance of the zoning permit.

After Appellant William Karstens inquired of the Town Clerk in October whether a decision had been issued on the application, the Town Clerk told him that it had, and mailed copies of the decision to him and to all adjoining landowners on October 12, 2000, a Thursday. Appellant William Karstens received the written decision the following day. He filed the notice of appeal of the ZBA decision on November 13, 2000, a Monday.

Appellee-Applicants do not dispute that Mr. Karstens was entitled to be sent a copy of the decision. Under the suggestion in the last sentence of Leo= s Motors, Inc. v. Town of Manchester, 158 Vt. 561, 566 (1992), when an interested person entitled to written notice of a ZBA decision is sent the decision after the appeal period has otherwise run, the appeal period should begin to be counted from the date the Town Clerk in fact mailed the decision to him.

The decision was mailed to him on October 12, 2000. Under 1 V.S.A. ' 138, and V.R.C.P. 6(a), the day when the act is done is not included in the computation; therefore, the expiration of the thirty day appeal period in fact fell on November 11, 2000, a Saturday. Under V.R.C.P. 6(a), the last day of the period is included, except if it falls on a Saturday, a Sunday, or holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or holiday. Therefore the period to appeal ran through Monday, November 13, 2000, and the appeal was timely filed.

We do not here reach the questions of whether failure to appeal the issuance of the zoning permit should have any preclusive effect in the present case, or whether Appellee-Applicants may ultimately have any financial recourse against the Town if the merits of the conditional use permit application are resolved differently in this Court than they were before the ZBA. My Sister's Place v. City of Burlington, 139 Vt. 602 (1981).

Accordingly, based on the foregoing, Appellee-Applicants= Motion to Dismiss the appeal as untimely, or for Summary Judgment, is DENIED. We will hold a telephone conference on June 1, 2001, to discuss whether the merits of the matter should be set for hearing, or whether Questions 3 and 1 of the Statement of Questions should be resolved first by summary judgment, or both.

Done at Barre, Vermont, this 23rd day of May, 2001.


_____
Merideth Wright
Environmental Judge