# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of McEwing Services, LLC    }
                                   }
                                   }    Docket No. 114-5-02 Vtec
                                   }
                                   }

## Decision and Order on Cross-Motions for Summary Judgment

Appellant McEwing Services, LLC appealed from an April 11, 2002 decision of the Development Review Board (DRB) of the Town of Moretown. Appellant is represented by Daniel P. O= Rourke, Esq.; the Town is represented by Paul S. Gillies, Esq.; Mr. Drew Carter entered an appearance on his own behalf in this appeal, but did not participate in the briefing of the summary judgment motion.

Both represented parties have moved for summary judgment on the sole question[1] in the Statement of Questions: whether Appellant= s conditional use application should be deemed to have been approved pursuant to 24 V.S.A. ' 4407(2) and the equivalent ' 5.2 of the Moretown Zoning Regulations. The following facts are undisputed unless otherwise noted.

On September 27, 2001, Appellant submitted a conditional use application to construct a wireless communications monopole to accommodate multiple carriers. The DRB held the first public hearing on the application on October 30, 2001. At the conclusion of the evidentiary portion of that hearing the applicant was advised that the evidence was not closed and that it might be asked to submit additional evidence. The DRB voted to enter deliberative session. In its deliberative session on October 30, 2001, the DRB decided to request additional information and voted to continue the matter to its November 28, 2001 hearing.

On November 2, 2001 the DRB wrote to Appellant requesting the additional information. In response to this letter Appellant submitted additional information about the band spectrum and technology to be used by each proposed or potential carrier, the types of sites capable of accommodating each carrier= s needs, a map of existing facilities within the search radius, and lease provisions governing abandonment of the tower. The additional information was added to Appellant= s application by the DRB at its hearing on November 28, 2001.

The DRB held a public hearing on Appellant= s application and two other telecommunications applications on November 28, 2001. At the conclusion of the evidentiary portion of the hearing the minutes reflect that the DRB stated that it would work through all the material and that, A if there was enough information,@ the DRB would make a decision A as promptly and as fairly as possible,@ but that the applicant was advised that the Board may ask the applicant to return A if it needs further evidence to reach a decision.@ The DRB held about forty minutes of deliberative session, and voted to continue the > deliberative session= on this application at its December 19, 2001 hearing.

A motion to consolidate the pending applications must have been before the DRB by the December 19, 2001 hearing, because the DRB held a deliberative session from about 6:30 to 7:45 that evening, when it considered that motion and decided that it needed to rule separately on each of the applications on its own merits, at that point consisting of the three pending applications and a fourth one more recently filed. The DRB decided that it would > likely continue the three pending matters for further deliberation <u>or evidentiary hearing</u> in late January or early February.= (Emphasis added). At that December 19, 2001 session the DRB accepted and

reviewed additional evidence submitted regarding one of the other applications and a letter from a landowner related to one of the four applications, and discussed and tabled for later resolution the participation of two DRB members who had participated in the October 30, 2001 session but who had not been able to be present for the November 28, 2001 session.

The DRB scheduled and held sessions on January 9, 2002 and January 30, 2002. At the January 9, 2002 session the DRB heard from applicants on other projects (including the fourth telecommunications application) and voted to continue the > deliberative session on the four Telecommunication Tower applications= on January 30, 2002, requesting the clerk of the Board not to schedule any other matters for that session. At the January 30, 2002, the DRB A reviewed individually the merits of the telecommunication tower applications,@ made what it termed A substantial progress@ and stated in the minutes that it A expects to begin Findings@ at its A next deliberative session@ scheduled for February 13, 2002.

On February 12, 2002, Appellant provided additional evidence to the DRB, stating that CellularOne had confirmed its intent to locate on the facility, supported by a letter from CellularOne= s Director of Network Operations, and providing a photographic simulation of a so-called > monopine= tower at this location. The DRB accepted this additional evidence in the open public hearing portion of the session it held on this application on February 13, 2002, and then entered deliberative session to continue > review= of all the pending telecommunication tower applications.

The DRB further considered Appellant= s application in its sessions on February 27, 2002, March 21, 2002 and April 3, 2002. In the public hearing portion of the February 27, 2002, hearing, the DRB apologized to A other telecommunications permit applicants who had come prepared to testify,@ including Mr. McEwing [Appellant= s principal], explaining that that night= s hearing was specifically for only (a different) one of the four applications. The DRB accepted an additional submission from one of the other applicants, and A assured Mr. McEwing that the letter he submitted to the Board for its February 13th meeting . . . has been officially added to his application materials.@ At that public hearing portion of the February 27, 2002, hearing the DRB also A clarified for all present that the Board is not formally closing evidence on any of the four applications, but will continue its deliberations.@ At the conclusion of its deliberations on April 3, 2002, the DRB voted to > close the evidence.= All the DRB members signed the decision on April 10, 2002, and it was provided to Appellant on April 11, 2002.

Appellant claims that the date of the A final public hearing@ in this matter was the November 28, 2001 hearing, because the DRB did not specify that it was continuing the public evidentiary portion of the hearing but rather in each session voted specifically to continue > deliberating.= However, as the Supreme Court has recognized, municipal proceedings that are not done on the record are frequently characterized by > informality,= at least of procedure or terminology. See, e.g., Leo= s Motors, Inc. v. Town of Manchester, 158 Vt. 561, 564 (1992). We must examine what the DRB actually did in this appeal, that is, the actual sequence of events, rather than relying merely on the fact that they referred to their task as > deliberation.= What the DRB actually did was to conduct mixed sessions of public hearing and board deliberations, at all of which they were considering first three and later four separate applications for wireless telecommunications towers, under an ordinance that required them to consider whether the equipment proposed for each applicant= s tower can be accommodated on an existing approved tower, building or structure. The DRB went into what it termed > deliberative session= at each successive meeting, but by so doing the DRB did not actually close the evidence on any of the four applications. Rather, the DRB requested or accepted additional evidence on one or more of the applications at the various successive public hearings, as well as trying to conduct other board business on other unrelated applications. The DRB minutes reflect that at the November 28, 2001, December 19, 2001, and February 27, 2002 sessions, the DRB specifically stated that the evidence was not closed or that it might need additional evidence, and it specifically voted at the April 3, 2002 session to close the evidence.

The April 10, 2002 decision was, of course, timely when measured from the April 3, 2002 closure of the evidence.

Even if it is measured from February 13, 2002, the last date on which Appellant provided evidence to the DRB in connection with its application, the April 10, 2002 decision was made within the required sixty-day period. As of the February 13, 2002 hearing, Appellant had made no claims that any deemed approval had yet occurred, and indeed was still actively seeking to have additional evidence considered by the DRB.

Moreover, because Appellant did not assert any irregularities in the adjournment process or the terminology the DRB used each time it continued the group of telecommunications applications to each successive DRB hearing, Appellant may be said to have waived that argument for the period prior to its last provision of evidence at the February 13, 2002 session. Deemed approval is a remedy only for deliberate or negligent inaction on the part of zoning officials and for indecision and protracted deliberations on the part of zoning boards. It is disfavored, especially if it would operate to grant a permit at odds with the zoning ordinance. See, generally, In re Appeal of Newton Enterprises, 167 Vt. 459 (1998) and cases cited therein. An applicant cannot allow the successive adjournments of the hearing to occur without protest, and then, after receiving an unfavorable decision, try to take advantage of the claim that the time allowed for approval had expired without action by the DRB. Rather, an applicant must actively request the timely decision, or object to the successive adjournments at the time they are made, in order later to assert the remedy of deemed approval.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town= s Motion for Summary Judgment is GRANTED and Appellant= s Motion for Summary Judgment is DENIED. Appellant= s application was not deemed to have been approved. This is a final order concluding this appeal.

Done at Barre, Vermont, this 26th day of December, 2002.


_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.] Other than the issue of 'deemed approval,' Appellant did not challenge the denial of the application or the DRB's finding that the proposal is not of the same general character as other uses in the Commercial zoning district.