STATE OF VERMONT

ENVIRONMENTAL COURT

|   |   |   |
|---|---|---|
| } | | |
| Appeal of Griffin | } | Docket No. 92-6-04 Vtec |
| } | | |
| } | | |

Decision and Order on Pending Motions

Appellants Robert D. and Muriel J. Griffin appealed from conditions imposed in a decision of the Zoning Board of Adjustment (ZBA) of the Town of Fayston, granting a conditional use approval for a home occupation for Appellants' excavating business[1]. Appellants are represented by Lauren S. Kolitch, Esq.; and the Town is represented by Amanda Lafferty, Esq. Interested Persons Richard J. Petit, Kathryn Henry, and Robert Center appeared and represent themselves, but did not participate in the briefing of the motions. The Town and Appellants each moved for summary judgment.

Town's Motion to Strike

In connection with the motions for summary judgment the Town has moved to strike the reply memoranda (and any new facts and arguments raised in those memoranda) because V.R.C.P. 56 does not allow for reply memoranda. The Town argues that

Appellants failed to provide the required statement of material facts in dispute.  Appellants argue that V.R.C.P. 76(a)(3) excludes motions for summary judgment from the civil rules applicable to Environmental Court proceedings.

First, we note that V.R.C.P. 76, containing the rules and provisions applicable to the Environmental Court in effect through January 30, 2005, has been superseded by the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) as of January 31, 2005.  Both under the former V.R.C.P. 76(a)(3) and the current V.R.E.C.P. 4(a)(3), the only type of proceeding to which V.R.C.P. 56 does _not_ apply is that for review of environmental enforcement orders issued under 10 V.S.A. Chapter 201.  See former V.R.C.P. 76(a)(2).  Even in those cases, V.R.E.C.P. 4(a)(3) allows the Court to dispose of pretrial legal issues with the "functional equivalent of summary judgment" but without the "time limits and other specific requirements of V.R.C.P. 56."  See Reporter's Notes to V.R.E.C.P. 4(a)(3).  Both under the former V.R.C.P. 76(a)(2) and the current V.R.E.C.P. 2 and 5, pertaining to appeals from decisions of municipal panels, summary judgment under V.R.C.P. 56 does apply.

While V.R.C.P. 56 does not provide for a reply memorandum, the law favors the resolution of disputes on their merits, and no prejudice will result to either party from the Court's consideration of all of the parties' arguments, as if they had been presented in a

single set of cross-motions and cross-responses. Accordingly, the Town's Motion to Strike is DENIED.

Motions for Summary Judgment

The following facts are undisputed unless otherwise noted. Appellants own a 3-acre parcel of property located at 1909 Airport Road in Fayston, in the Rural Residential zoning district. Home occupations are a conditional use in the Rural Residential zoning district. The definition of the term "home occupation" in §3.1 of the Zoning Ordinance limits a home occupation to the use "of a minor portion of a dwelling or accessory building" by the residents. Section 5.2.2, applicable to conditional use approval of home occupations, requires that "[n]o materials or equipment are stored outside the building nor are there any exterior indications of the home occupation other than as allowed" in §5.2.4, pertaining to allowed signs for a home occupation.

Appellants maintain an 8' x 8' office space within their residence on this property. In 1995, Appellants' son, Michael Griffin, had been living at the residence and had been in business with his brother-in-law Jerry Rutledge as Griffin & Rutledge Construction Co., Inc. They had obtained conditional use approval from the ZBA to operate Griffin & Rutledge Construction Co., Inc., from Appellants' residence as a home occupation. The ZBA decision found that there was "an office for the business as well as

contracting supplies" at the Griffin home, that "[n]othing is stored outside and a shop is not on the premises," and that "[a]ll construction is done on the job site."  The ZBA approved the home occupation in September 1995 on that basis, also requiring that a sign be changed to meet the requirements of §5.2.4.

In May 2000, Appellant Robert Griffin and Michael Griffin incorporated Griffin & Griffin Excavating, Inc. (Griffin & Griffin) and ran it from the home office as Griffin & Rutledge Construction Co. had done.  After Michael Griffin died in an accident  in September of 2001, Appellants continued to own and operate Griffin & Griffin from the home office, with Muriel Griffin acting as bookkeeper and Robert Griffin doing the excavation work.  The business employs no more than four employees[2], depending on the time of year.  In late 2001 or early 2002, Appellant Muriel Griffin inquired of the former zoning Administrative Officer whether Appellants needed to apply for their own home occupation permit (as Michael Griffin had held the Griffin & Rutledge permit), and were told that they did not need to reapply.  They also did not seek amendment of the Griffin & Rutledge home occupation permit to substitute themselves as the permit holders.

Beginning in the spring of 2000, Griffin & Griffin purchased excavation equipment, some of which is kept on the residence property when it is not being used at a job site or a gravel pit.  From the spring of 2000 to at least December of 2004, Griffin & Griffin has owned or operated two 14-yard dump trucks, a trailer, two (or more) 1-ton pick-up trucks,

a backhoe/excavator, a bulldozer, a Caterpillar Skid Steer (loader), and another loader. One of the two pick-up trucks (used as Mr. Griffin's personal vehicle), the small Skid Steer, and the two dump trucks are stored at Appellants' residence; while the other equipment is normally moved directly from one job site or gravel pit to another, although one of the other pieces of equipment is occasionally parked at the residence property. Maintenance of the equipment is not generally performed at the residence property, but rather at a job site or at a garage owned and operated by a third party.

Also from the spring of 2000 through at least December of 2004, Appellants have stored small amounts of excavating materials, including stone, gravel, or sand, at the residence property. The amount of material stored at any given time averages fourteen cubic yards, although at different times there may be two to four small piles of different types of stone or sand.

In April of 2003, Appellants applied for and received a permit to construct a 40' x 60' garage, to be attached to their house by a 12' x 12' breezeway, to store and to be able to service their construction equipment at their residence property. The then-Administrative Officer observed their storage of materials and vehicles at their property and never warned them, either orally or in writing, that they were in violation either of the terms of the Griffin & Rutledge permit or of the provisions of the Zoning Ordinance pertaining to home occupations. The business garage permit was not appealed and

became final; however, Appellants have not constructed that garage. Any issues regarding the scope of that permit or whether it has lapsed are not before the Court in the present appeal.

The present zoning Administrative Officer has held the position since late September of 2003. In November of 2003, Appellants applied for a zoning permit to construct a 13' x 13' shed for their personal use, not for their home business. In connection with this application (which was later granted and is not at issue in this appeal), Appellant Muriel Griffin and the Administrative Officer first discussed the business use of Appellants' residence property, and Appellants'' understanding that the parking of the dump trucks and occasional parking of other equipment was allowed under the Griffin & Rutledge home occupation permit, that the 8' x 8' office space was used for Griffin & Griffin's bookkeeping, and that the excavating equipment had been parked and materials had been stored at the residence property since early 2000.

By letter dated December 10, 2003, and with the heading "WARNING concerning home occupation at 1909 Airport Road," the Administrative Officer informed Appellants, among other things, that the 1995 conditional use approval granted to Griffin & Rutledge did not "extend to" Griffin & Griffin, and that therefore Griffin & Griffin required its own home occupation permit in order to operate out of Appellants' residence. The letter requested Appellants to "[p]lease submit your application for a home occupation within 30

days of the date of this letter, or cease business operations at your residence. Otherwise, I will have to pursue this matter as a violation of the Fayston Zoning Ordinance." Appellants did not appeal this determination to the ZBA, and it became final.

Instead, in response to this warning, on December 29, 2003, Appellants submitted a form application to the ZBA for approval of a home occupation at their existing residence. The ''proposed use' was described as "'office" and the 'square footage of proposed use' was described as "8' x 8'." In this application Appellants did not request approval of outdoor parking of the business construction equipment or outdoor storage of piles of materials at the residence property.

The ZBA considered Appellants' application at its hearing on February 12, 2004. Most of the hearing discussion addressed the outdoor activities and storage on the property, including the hours of operation and what vehicles and equipment travel on Airport Road to and from the property. The minutes of the February 12, 2004 hearing reflected that Appellants wished to continue to park at least the two dump trucks at the residence. The ZBA adjourned the public hearing to a deliberative session.

At its March 11, 2004 meeting, the ZBA voted to approve the February 12, 2004 minutes regarding the Griffins' application for a home occupation. On March 24, 2004, the Administrative Officer circulated by email to the ZBA members a draft decision on the

Griffin home occupation application, for them to review for discussion at the April 8, 2004 meeting.

At its April 8, 2004 hearing, the ZBA voted unanimously to "accept the draft notice of decision concerning Robert and Muriel Griffin['s] application #2407 for a home occupation." The written notice of decision, signed by the ZBA Chair, was issued on May 1, 2004. It approved the conditional use of the "home office for clerical and administrative operation of the business known as Griffin & Griffin Excavating, Inc."' subject to two conditions: that "[n]o business[-]related materials, including sand, stone, gravel, etc., may be stored on the applicant's residential property," and that "no construction or excavation equipment, including but not limited to backhoes, front end loaders, bulldozers, trailers, flatbed trailers, dump trucks, excavators, bobcats, fuel tanks, and skid tanks[,] may be stored or maintained on the applicant's residential property, with the exception of up to two personal/business use trucks of under 10,000 lbs. gross vehicle weight."

Appellants first argue that the ZBA failed to render a timely decision within sixty days after completing the February 12, 2004 public hearing, so that their application for conditional use approval of their home occupation should be deemed to be approved. Although the record of ZBA activity presented in the minutes of its February, March and April 2004 meetings is not as clear as it could be, the draft decision on the Griffin

application was circulated to the ZBA members prior to its April 8, 2004 hearing, and at that hearing the ZBA voted unanimously to "accept the draft notice of decision concerning Robert and Muriel Griffin['s] application #2407 for a home occupation." The ZBA rendered its decision at the April 8, 2004 public hearing when it voted unanimously to approve the draft notice of decision that granted the permit with conditions, within the required sixty-day period after the February 12, 2004, hearing. 24 V.S.A. §4407(2) (prior to amendments effective July 1, 2004). The fact that the written notice of decision was not signed by the chair or sent to Appellants until three weeks later does not trigger the deemed approval remedy.

As in Leo''s Motors, Inc. v. Town of Manchester', 158 Vt. 561, 565 (1992), in which the ZBA failed to send the written notice of decision in a timely fashion to the landowner-applicant:

the purpose of the statute will be best served if we read § 4470(a) to require that a decision be rendered within [the required time period], whether or not the town observes the directive in that statute to "send to the appellant, by certified mail, a copy of the decision" within that period, so long as the failure to send a copy is inadvertent and not the result of a policy or purpose to withhold notice of the decision. By "rendered" we mean the decision is finally made before the expiration

of the [required time] period, regardless of when, or if, the decision is reduced to writing, or made in writing.

Leo's Motors v. Town of Manchester, 158 Vt. 561, 565 (1992) (internal citations omitted). The circumstances of this case do not reflect any ZBA indecision or protracted deliberations for which the remedy of deemed approval would be appropriate. See, e.g., Appeal of Newton Enterprises, 167 Vt. 459, 465 (1998); Appeal of Ashline, 2003 VT 30; Appeal of Angelino, Docket No. 261-11-02 Vtec (Vt. Envtl. Ct., Jan. 20, 2004); compare, In re Appeal of McEwing Services, LLC, 2004 VT 53.

However, we should note that even if the deemed approval remedy had been applicable, all that would have been deemed to have been approved would have been the conditional use requested in Appellants' application, 24 V.S.A. §4407(2) (prior to amendments effective July 1, 2004) ("such requested conditional use"), and incorporating the requirements of the ordinance applicable to that use. In re Kostenblatt, 161 Vt. 292, 300 (1994).

The "home occupation" use category is only applicable to use of "a minor portion of [a] dwelling or accessory building," §3.1, while §5.2.2 prohibits outside storage of materials or equipment, and prohibits any 'exterior indications'' of the home occupation other than signs approved under §'5.2.4. Thus, all that Appellants would have received by virtue of the deemed approval remedy would have been approval to run the excavating

business from their home office; the conditions prohibiting outside storage of materials or equipment would have been incorporated in that deemed approval from §'5.2.2 regardless of whether or not they had been imposed as explicit conditions by the ZBA. Kostenblatt, 161 Vt. at 300.

Moreover, to the extent that Appellants claim they should have been allowed to continue to operate under the Griffin & Rutledge home occupation permit, it also included the requirements that "nothing is stored outside," and was subject to the ordinance prohibitions against outside storage of materials or equipment and exterior indications of the home occupation.

Appellants next argue that the scope of their permit should essentially be expanded to the extent of their actual use of the property for outside storage and parking of business equipment from their commencement of the business and acquisition of the equipment in early 2000 to the December 2003 warning notice that they might be in violation. That is, they argue that the municipality should be estopped from applying the terms of its Zoning Ordinance due to the prior zoning Administrative Officer's failure to enforce those provisions from the spring of 2000 through the early fall of 2003.

Appellants have not shown that the elements of estoppel are met in this case, or that this is one of the rare situations in which it is appropriate to estop a governmental entity. In re Letourneau, 168 Vt. 539 547-548 (1998); and see Town of Bennington v.

Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288, 293-94 (1981). Even if Appellants had applied for outdoor storage of the materials and outdoor parking of the trucks, and even if we assume that the former zoning Administrative Officer knew the facts and intended his conduct to be acted upon by Appellants, we cannot conclude that Appellants were ignorant of the true facts or that they detrimentally relied on the former zoning Administrative Officer's representations.

The "true facts" were that the home occupation section of the Zoning Ordinance is only applicable to use of "a minor portion of [a] dwelling or accessory building," prohibits outside storage of materials or equipment or any 'exterior indications'' of the home occupation other than an approved sign, §§3.1 and 5.2.2; and that the Griffin & Rutledge permit provided that "[n]othing is stored outside." These facts were equally available to Appellants as to the former zoning Administrative Officer.

Moreover, Appellants'' only detrimental reliance was to continue to operate their business storing equipment and materials outdoors on their residence property from 2000 through 2003; they did not obtain any vested rights to continue to do so. That is, even if we were to estop the Town due to the representations of the former zoning Administrative Officer that no additional permit was required, the result would only be to preclude an enforcement action applicable to the period prior to January 10, 2004 (30 days after the deadline stated in the new zoning Administrative Officer's warning letter). In any event,

Appellants would not be eligible for a permit without the appealed conditions; rather, as in My Sister's Place v. City of Burlington, 139 Vt. 602, 609 (1981), estoppel would result in potential municipal liability for costs incurred by an applicant in reliance on a zoning administrator's incorrect representations.

Accordingly, based on the foregoing, the Town's Motion for Summary Judgment is GRANTED and Appellants' Motion for Summary Judgment is DENIED. The ZBA was not estopped by the prior Administrative Officer's non-enforcement of the Zoning Ordinance (or the terms of the Griffin & Rutledge permit) from conditioning Appellants' new home occupation permit on compliance with the home occupation requirements of the Zoning Ordinance[3]. Appellants' application for conditional use approval of their home occupation was not deemed to be approved; but even if it had been deemed to be approved, all that would have been approved was the scope of what was applied for (an 8' x 8' office), limited by the requirements of the Zoning Ordinance as to home occupations. This decision concludes Docket No. 92-6-04 Vtec; we will schedule a telephone conference in Docket No. 10-1-05 Vtec to determine how to proceed in that appeal in light of this decision.

Done at Berlin, Vermont, this 23rd day of May, 2005.

_____

Merideth Wright

Environmental Judge

---

[1]  Another appeal, Docket Number 10-1-05 Vtec, of a Notice of Violation for the placement and storage of construction and excavation materials and equipment on the residence property without a permit, has been filed with the Court but is inactive until resolution of this appeal.

[2]  The minutes of the February 12, 2004 hearing clarify that this number includes Appellants.  Section 5.2.5 requires for a home occupation that "not more than a total of four (4) employees, including residents, are employed on premises."'  The employees do not work at the premises; they park their personal vehicles there.

[3]  However, although Appellants did not raise this issue, because the conditions are derived from the Zoning Ordinance, both conditions should be amended to limit the prohibition to storage of materials and parking of business vehicles "outdoors" on Appellants' residential property.