STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Jewish Community of Greater Stowe | } | Docket No. 15-1-09 Vtec |
| and North Country Animal League | } | |
| (Appeal of J.D. Associates, L.P.) | } | |
| | } | |

Decision and Order on Motion to Dismiss as Untimely Filed

On January 28, 2009, Appellant J.D. Associates, L.P., (Appellant) filed an appeal from a December 22, 2008 decision of the Development Review Board (DRB) of the Town of Morristown, granting conditional use and site plan approval for a cemetery. Appellant has entered an appearance through Wilhelm Jaremczuk,[1] who is not an attorney; Appellee-Applicant Jewish Community of Greater Stowe is represented by Robert A. Gensburg, Esq.; Appellee-Landowner North Country Animal League (NCAL), the seller of the property at issue in the appeal, entered its appearance and designated as its contact person Sallie Scott, its Director of Operations, who is not an attorney. NCAL has not taken an active role either in the conference or with respect to the pending motion. The Town has not entered an appearance in this appeal.

On February 27, 2009, Appellee-Applicant moved to dismiss the appeal as untimely filed, and also for failure to timely file the Statement of Questions. On March 4, 2009, Appellant moved for more time to file the Statement of Questions, and enclosed

---

[1] The materials filed with the Court do not disclose Mr. Jaremczuk's position with Appellant J.D. Associates, L.P. Mr. Jaremczuk's form for entering his appearance as an unrepresented party was filed on March 5, 2009. It stated that "I intend to proceed 'pro se' until Martha F. Ansty's 'Pro Hac Vice' application has been approved." As of the telephone conference held on March 16, 2009, no such application had yet been filed pursuant to V.R.C.P. 79.1(e), and Mr. Jaremczuk was unable to furnish the name of the Vermont attorney with whom Ms. Ansty would be associated for the purpose of that motion. V.R.C.P. 79.1(e).

1

a Statement of Questions with the motion. On March 5, 2009, the Court issued a brief entry order and a notice for the initial pretrial conference. See V.R.E.C.P. 2(d). The entry order stated in full that:

> If this matter is not dismissed for failure to file a timely notice of appeal, the motion for enlargement of time to file the Statement of Questions will be granted, as it has been filed prior to the initial conference. However, the timely filing of the notice of appeal is jurisdictional, see V.R.E.C.P. 5(b)(1). The Court will rule on the motion to dismiss for failure to timely file the notice of appeal (or to timely request an extension of time for that filing under V.R.A.P. 4) as soon as the time has expired under V.R.C.P. 78 for Appellant's responsive memorandum.

Appellant's responsive memorandum was filed on March 17, 2009. At the March 16, 2009 telephone conference, the Court deferred the question of whether to require mediation to after the ruling on the pending motion.

The decision of the DRB was issued on December 22, 2008. The original time for filing the notice of appeal expired on January 21, 2009. A copy of the decision was sent out by the Zoning Administrator on December 30, 2008. The cover letter advised correctly that an appeal had to be filed "within thirty (30) days of the issuance of the decision," but went on to state, incorrectly, that the 30-day appeal period was one "beginning today." The appeal was filed on January 28, 2009, which would have been timely dated from the December 30, 3008 letter, but was not timely filed if dated from the December 22, 2008 decision.

Rule 5(b)(1) of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) clearly provides that the appeal must be filed with the Environmental Court "within 30 days of the date of the act, [or] decision . . . appealed from, unless the Court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." Rule 4(d) of the Vermont Rules of Appellate Procedure (V.R.A.P.) is equally clear that a motion for extension of time to file a notice of appeal (that is, a

motion to file a notice of appeal late) must be filed "no later than 30 days after" the expiration of the original time for filing the notice of appeal.

Appellant argues that the DRB's decision should have been treated as having been issued as of the date of the Zoning Administrator's cover letter. Even under the line of decisions interpreting deemed-approval issues under the prior statute, which required that the then-ZBA "shall render its decision . . . within forty-five days after completing the hearing, and shall within that period send to the appellant . . . a copy of the decision," 24 V.S.A. § 4470(a) (2004), the Vermont Supreme Court determined that the decision is considered to be "rendered" within the statutory period if it is issued by the board, even if written notice of it is not sent until later. Hinsdale v. Village of Essex Junction, 153 Vt. 618, 623 (1990).

In Leo's Motors, Inc. v. Town of Manchester, 158 Vt. 561, 564–65 (1992), the Vermont Supreme Court again distinguished between the timeliness of the board's rendering the decision, and the possibly late notice of the decision due to the negligence or inadvertence of a municipal employee. It ruled that the decision is timely, for deemed approval purposes, if it is finally made before the expiration of the statutory period, regardless of when it is reduced to writing and whether or not the required copy of the decision is sent to the appellant, "so long as the failure to send a copy is inadvertent and not the result of a policy or purpose to withhold notice of the decision." Leo's Motors, 158 Vt. at 565.[2]

Both Hinsdale and Leo's Motors left open the issue of the consequences of failure to notify the landowner until after the appeal period had run. The Leo's Motors Court cited V.R.A.P. 4, and clarified that, in Hinsdale, it had pointed out this issue merely to

---

[2] Any discussion to the contrary from Glabach v. Sardelli, 132 Vt. 490 (1974), was specifically narrowed by the Hinsdale Court, 153 Vt. at 622–25, before being further analyzed and overruled by the Court in Leo's Motors 158 Vt. at 564.

emphasize that such a landowner "would not be in a worse or different position than a court litigant under V.R.C.P. 77(d)."

The Environmental Court has also analyzed the methodology for counting the appeal period, ruling that:

> [t]he date for appeal does not run from the date on which the applicant receives notice of the DRB decision, but from the date the decision is issued.
>
> The only reasonable way to determine a date on which a DRB decision is "issued" is to refer to the date appearing on the decision itself over the signatures of the DRB members (or, in the case of a decision rendered on the minutes of a board or commission hearing, the date on which those minutes were approved and signed by the board's members). Any other rule would require affidavits from the administrative officers of development review boards, zoning boards and planning commissions in every case so that potential appellants could know on what date the issued decision was filed in the municipal file cabinet.

In re Charbonneau, No. 135-8-03 Vtec, slip op. at 2–3 (Vt. Envtl. Ct. Oct. 24, 2003) (Wright, J.) (footnotes omitted);  accord, In re Perini Road Quarry, No. 264-12-05 Vtec, slip op. at 4–5  (Vt. Envtl. Ct. Aug. 28, 2006) (Durkin, J.).

Appellant was sent notice of the DRB's decision only a week after the decision was issued, with three weeks left to run on the original appeal period.  Even if Appellant had not been able to file a timely notice of appeal within that three-week period, Appellant could have filed a V.R.A.P. 4 motion to file a late notice of appeal before or together with filing its notice of appeal on January 28, 2009, or at any time up to and including February 20, 2009.

To be granted leave to file a late notice of appeal, Appellant would have had to have shown excusable neglect or good cause.  V.R.A.P. 4(d).  Even though the Zoning Administrator's misleading letter is the type of reason considered to be excusable neglect or good cause, Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 398–99 (1993) (misleading notice of date by which appeal must be filed warranted

4

allowance of late filing), cited with approval in <u>In re Town of Killington</u>, 2003 VT 87A, ¶ 16, 176 Vt. 60, Appellant did not come forward with a timely motion to extend the time for filing the notice of appeal. Rather, Appellant filed the late notice of appeal without moving to extend the time for its filing under V.R.A.P. 4 (made applicable by V.R.E.C.P. 5(b)(1)).

Appellant's failure to file a timely notice of appeal, and failure to timely move to extend the time for filing the notice of appeal, deprives this Court of jurisdiction of the appeal. <u>Fiske v. Perry</u>, 2007 VT 58, ¶ 1, 182 Vt. 540 (mem.); <u>In re Shantee Point, Inc.</u>, 174 Vt. 248, 259 (2002) (citing analogous appellate rule, V.R.A.P. 3(b)(1)); <u>In re Charbonneau</u>, No. 135-8-03 Vtec, slip op. at 2–3 (Vt. Envtl. Ct. Oct. 24, 2003) (Wright, J.).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's Motion to Dismiss is GRANTED, concluding this appeal.

Done at Berlin, Vermont, this 18ᵗʰ day of March, 2009.

_____
Merideth Wright
Environmental Judge

5