Chester Township Board of Trustees, Appellant, *v.* Kline et al., Appellees.

(No. 397—Decided July 10, 1969.)

*Mr. Allan Hull,* for appellant.
*Messrs. Thrasher, Dinsmore & Dolan,* for appellees.

Jones, J. Paul A. and Matilda F. Kline are the owners of a 2.51-acre lot in a residential district located in Chester Township, Geauga County, Ohio. They requested of the zoning commission a zoning certificate to subdivide the lot into two lots consisting of about 1.25 acres each. The request was turned down by the zoning commission on March 12, 1964, for the reason that "it did not meet the literal requirements of the Amended Zoning Resolution." The applicable provision of the zoning resolution, as amended, specifies that the minimum lot area for a one-family dwelling in a residential district is 1.5 acres.

The Klines filed a notice of appeal before the Chester Township Board of Zoning Appeals. The jurisdiction of the Board of Zoning Appeals was invoked upon the basis "that a literal enforcement of the terms of the zoning

resolution results in unnecessary hardship to appellant.''

In essence, the appeal was for a variance upon the basis of unnecessary hardship.

The Klines were not represented by counsel before the commission or board. The board hearing was held February 9, 1965, at the Chester Town Hall. Mr. Mohr was chairman, and there appears in the file of the board a transcript of that proceeding. Essentially, it was a question-answer situation with the members of the board doing the questioning and Mr. Kline the answering. On this same transcript it is noted that "Mr. Mohr telephoned decision to me 2/10/65—Vote: Mohr, yes; Steiner, no; Durn, no; Circirello, no; Sperry, no; Appeal denied.''

Pursuant to Section 2506.01, Revised Code, the Klines sought review of the board's refusal to cause a variance to be issued. The Common Pleas Court reversed the board's decision, holding that the Klines' appeal for a variance was well taken and the board's decision was not reasonable. The court then ordered the board to issue the variance.

The trustees then filed a motion to vacate the judgment on the basis that the Common Pleas Court did not have jurisdiction to review the board's decision as the notice of appeal was not timely filed. The Common Pleas Court overruled the motion and this case now appears before this court for review.

The trustees raise two issues. One, the Common Pleas Court was without jurisdiction, as the notice of appeal from the decision of the board to the Common Pleas Court was not timely filed; two, if the trustees do not prevail upon the first issue, then they claim that the action of the board in denying the variance was proper.

Turning our attention to the first issue, it is noted that Section 2505.07, Revised Code (time for perfecting appeal), states that an appeal must be taken within ten days after the entry of the matter for review. To invoke the jurisdiction of the Common Pleas Court, an appeal must be perfected. (Section 2505.04, Revised Code.)

The question here presented is:

(a) What is "* * * the matter for review," and (b) what constitutes "entry" of it.

A letter appears in the record of the board. The letter is dated February 12, 1965. It is as follows:

"Dear Mr. Kline: Please be advised that the Board of Zoning Appeals has voted to deny your appeal.

"A copy of the decision in detail will be forwarded to you within 30 days.

"/s/ Carolyn Price, Sec'y."

Next, an opinion of the board dated February 17, 1965, and styled "Decision" appears in the record. A carbon copy of a letter from the secretary of the board to Mr. Kline dated March 4, 1965, indicates that the "Decision" was mailed to him.

"Dear Mr. Kline: Enclosed please find a copy of the decision reached by the Zoning Board of Appeals in your recent appeal.

"/s/ Carolyn Price, Sec'y."

It is interesting to note that, technically, Matilda Kline was never put on written notice of the decision of the board. We are not deciding this case on that point, although it does present an interesting issue.

The notice of appeal to the Common Pleas Court stated under "Notice of Service":

"The within notice of appeal was sent by certified mail to the Clerk of Chester Township Zoning Board of Appeals and by regular mail to the Geauga County Prosecutor's Office on the 18th day of March, 1965."

The body of the notice of appeal stated that the appeal was taken from a decision of the board entered on March 9, 1965.

The record before the board is silent as to any *entry* of *matter for review* on March 9, 1965. Accordingly, we turn to the Common Pleas Court Judge's ruling and learn that the Klines claimed that this was the date that they actually received the "decision" of the board. The Common Pleas Court Judge concluded that the notice of appeal was timely filed. We must accept the fact that the "decision" reached Mr. Kline March 9, 1965. The Common

Pleas Court Judge so held, based on some sort of a hearing. Without a record of such hearing, we must accept this as fact. It is unusual that the date that the notice of appeal was lodged before the board was not noted in the records of the board.

However, the question still remains: What is the date of *entry* of the *matter for review*? If the vote is the *matter for review*, then the entry date is February 10, 1965. If the "decision," which is actually a written opinion or explanation of the vote, is the *matter for review*, then when was it entered? It is an easy matter to determine such dates in a court of record. Here, however, we have a board without exact records as to when things are done or filed. We agree with the Common Pleas Court: Until the board itself adopts some rules or regulations on this subject, which it is authorized to do, we hold that the *matter for review* was *entered* March 9, 1965, and that the notice of appeal was in fact timely filed. A litigant ought not suffer the consequences of a procedure that is so loose and indefinite. This is not meant to be criticism of the board. They are laymen who at times get into the field of technical procedural law; for, after all, what is more important than a filing date when the jurisdiction of a reviewing court depends solely upon it? By so holding, we may be doing, as counsel for the board suggests, "violence to the English language." On the other hand, not to take an arbitrary stand until the board itself makes it clear to litigants when matters are entered, would indeed do violence to the right of review.

The procedure before the board is quite contrary in one respect to that in a court of law. In a court of law, an opinion is rendered and then a journal entry follows. In the case at bar, the Klines did not retain counsel until after they received the decision in the mail. According to the trustees, this would, at that time, be too late to appeal to the Common Pleas Court. It certainly is not the intent of the board to deprive a neighbor of his day in court on such a basis. Until the board makes it clear to an appellant just when the matter for review is to be considered entered, we shall continue in this appellate district to hold that

an appellant's time for appeal commences upon his receipt of the decision.

In considering the second issue, namely, whether the denial of the variance by the board was a proper act, this court stands in the same position as the Common Pleas Court. Both courts are reviewing courts. This is so even though the Klines sought a trial *de novo* in the Common Pleas Court pursuant to Section 2506.03, Revised Code. This statute does not provide for a trial *de novo* (*Manning* v. *Straka*, 117 Ohio App. 55; *Fleischmann* v. *Medina Supply Co.*, 111 Ohio App. 449; notwithstanding the dictum found in *In re Appeal of McDonald*, 119 Ohio App. 15). And, specifically, we have so held in *Williamson* v. *Twp. Trustees*, 18 Ohio App. 2d 188.

The Common Pleas Court did permit additional testimony which was perfectly proper, and the court reversed the board pursuant to its authority under Section 2506.04, Revised Code. The Common Pleas Court proceeded according to law.

We conclude, as did the Common Pleas Court: The board's denial was unreasonable. It would be pointless to rehash the evidence at this time, as it is well recalled in the Common Pleas Court Judge's ruling. Further, it would be of no guideline-benefit to subsequent requests for a variance, as a review of the cases is clear on one point: Each request stands on its own, as no two requests are alike. Suffice it to say that to deny the variance under the facts at bar would be an unreasonable act and result in an unnecessary hardship on the Klines. In this instance, there is no need for a literal enforcement on the terms of the zoning resolution, particularly when there is no public reason to the contrary shown by the evidence.

Therefore, for the reasons stated herein, the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

COOK and JOHNSON, JJ., concur.

JOHNSON, J., of the Seventh Appellate District, sitting by designation in the Eleventh Appellate District.