**Thorn v. City of Chester**

*Joseph E. Lastowka, Jr.,* for plaintiff.

*Joseph F. Battle,* First Assistant City Solicitor, for defendants.

REED, J., March 16, 1970.—Plaintiff appealed to the Zoning Board of Appeals of the City of Chester (board) for a special exception, having been pre-liminarily denied a use permit by defendant Building Inspector. The case was heard on June 19, 1969, and on July 30, 1969, the board filed the following deci-sion:

"The Board hereby denies applicant's request for a Special Exception from Article VI, Section 601-6, and Article XI, Section 1110-2c of the Zoning Code of the City of Chester."

Although these proceedings are entirely within and controlled by the Pennsylvania Municipalities Plan-ning Code, July 31, 1968, Act. no. 247, art. IX, sec. 101, et seq., 53 PS §10101, et seq., effective January 1, 1969, 53 PS §10102, plaintiff herein following a complaint in mandamus filed this motion for sum-mary judgment, for the reason that the decision is insufficient in that it contains no reasons supporting it, and therefore no proper decision was filed within

the 45 day period. Plaintiff cites the case of Humble Oil and Refining Company v. East Lansdowne Borough, decided by this court, and affirmed by the Supreme Court, 424 Pa. 309, 227 A.2d 664 (1967); and Garchinsky v. Borough of Clifton Heights, of this court (unreported but filed to 3485 of 1969), both of which cases were decided under the provisions of the Borough Code of May 4, 1927, P. L. 519, as amended July 10, 1947, P. L. 1621, sec. 93; and August 25, 1959, P. L. 757, sec. 1; 53 PS §48307, now repealed by the Pennsylvania Municipalities Planning Act, but which provided at that time:

"(f) The board of adjustment shall fix a reasonable time for the hearing of the appeal, . . . and *decide* the same within *45 days after the hearing* . . ." (Italics supplied.)

The Humble case decided under that statute that the decision required of the board included not only its order but as well the reasons supporting it. A mere unsupported denial of the application was insufficient, and did not constitute a proper decision.

In the instant case, controlled by the new planning statute, defendant argues it could not do more than it did within the 45 day period, because in obedience to section 908(7), 53 PS §10908(7) of that act (supra), it had an approved official court reporter stenographically record the hearing proceedings, and the reporter did not have the transcript prepared and filed until August 15, 1969, after the 45 day period had expired. Plaintiff's action by appeal precluded any further action by the board toward filing an opinion.

Defendant poses the dilemma confronting all zoning boards under this new act, if the interpretation of the word "decision" under the 45 day rule of the old act also applies. We agree that this approach poses a serious problem. We do not agree however that the

new act does present such a dilemma, when carefully read and interpreted. ". . . Every law ·shall be construed, if possible, to give effect to all its provisions": the Statutory Construction Act of May 28, 1937, P.L. 1019, art. IV, sec. 51; 46 PS §551. A statute shall be construed with consideration for good sense and practicability: Yeager v. Unemployment Compensation Case, 196 Pa. Superior Ct. 162, 173 A.2d 802 (1961).

It is clear that the new act, section 908(7), 53 PS §10908(7), permits the board to make a stenographic record of its proceedings, and make the transcript thereof available to any party. An appeal filed within 30 days of the decision shall concisely set forth the grounds on which appellant relies: section 1005(a), 53 PS §11005(a); and appellant after the appeal is filed but before proceeding to hearing or argument on the appeal shall file a transcript of the hearing in the court: section 1007, 53 PS §11007. While we are not called upon to decide the question, it may be noted that the Act does not mandate a verbatim transcript, but to be of much use on appeal such a transcript will greatly facilitate the appeal, and lend status and value to the board's proceedings. Cf. section 908(7), 53 PS §10908(7), and section 1009, 53 PS §11009.

The act then at section 908(9), 53 PS §10908, provides:

"The board . . . shall render a written *decision . . . within forty-five days.* Each decision *shall be accompanied* by findings of fact and conclusions based thereon together with the reasons therefor . . . Where the Board has power to render a *decision* and the board . . . fails to render the same within the period required by this clause, the decision shall be deemed to have been rendered in favor of the applicant." (Italics supplied.)

The act refers to a decision within 45 days, and goes on in a new sentence: "Each decision shall be accompanied by findings of fact," etc.

This act, in contradistinction to the prior acts, does not set forth a date from which to compute the 45 day period. The prior various municipal acts set that date as the date of hearing. The new act, section 103, 53 PS §10103, provides: "The provisions of this act, as far as they are the same as those of existing laws, are intended as a continuation of such laws . . ." The new act, we conclude, continues the 45 day rule of the prior acts. The board must render its decision within 45 days after the hearing, unless it intends to rule for the applicant.

The Board of the City of Chester did make a decision as mandated by the new act; it also rendered its decision within the 45 day period.

The thrust of appellant-plaintiff's argument as read under this act is that this was not enough since the decision was not accompanied by findings, conclusions, and reasons. But the board did not have the transcript which it needed in order to make specific findings and conclusions.

We must note that the bona fides of the board has not been questioned. The unavailability of the transcript is not due to any act of the board. On the other hand, appellant desires the advantage created by this lack of a record needed by the board to formulate its findings.

The new act requires a *decision:* section 908(a) supra. A "decision" is the final judgment, decree, or order of a competent tribunal: Black's Law Dictionary, 3rd Rev. The decision is not the accompanying findings, conclusions, and reasons: see Black, supra. An "opinion" is the reason given for the decision or judgment. The findings, conclusions and reasons, while of great value for the guidance of a community of interests are really only of immediate legal pertinence to the parties involved in the case at hand and to the

court to which one of them may appeal. Cf. Humble Case, supra.

These findings, conclusions, and reasons shall *accompany* the decision. Webster New World Dictionary defines accompany. as: to attend, supplement, go with, add to, and convoy, escort, or be a companion to. The word is not defined as being a part of a principal thing itself. It poses rather a primary position or thing, and a secondary position or thing. All of this seems plain enough. Our query is only one of timing. An escort, convoy, supplement, or addition need not always be immediately standing with or intertwined with the principal. They need not always link arms. It is only necessary that the accompanying or secondary be within some readily accessible distance from the principal or primary to support, supplement, follow and aid.

Hence, we conclude that the act does not mandate that the decision and the findings, conclusions and reasons must be rendered simultaneously, or as part of the same document.

If the reasons and findings are separate and distinct from the decision, failure to include the findings and reasons does not nullify the decision, as it did under the prior act, where *both* decision and findings were required as a totality.

Indeed, the legislative change in language may have been designed to cover the exigencies here present. Court reporters are few and overburdened. Some move, become ill, even die. If a board is unable to obtain the transcript in time to make specific and accurate findings, shall the applicant benefit unjustly? If the applicant has received a decision, he is not harmed by any delay in receiving findings. Ergo, both statutory construction and equity require separation of the decision from the opinion of the board.

The purposes of the act set forth at section 105, 53 PS §10105, include "as well . . . the improvement of

governmental processes and functions." We think the requirement that decisions be founded upon recited facts and supported by reasons not only incorporates the rule of Humble Oil, supra, but is one step toward improvement of the governmental functioning of a zoning board, and of the appellate processes and procedures.

This worthwhile objective ought to be protected and encouraged to facilitate the courts' work on appeals, to up-grade the level of board competence, and create better community understanding.

Accordingly, we hold that a board must render its decision, or final order within 45 days after the hearing, and must also file a statement of findings of fact, conclusions, and reasons therefor within the same 45 day period, or, where compelling reasons dictate, within a reasonable time thereafter. However, we note that a reasonable time thereafter cannot be later than the time for filing an appeal by the applicant (30 days). This totality of time is sufficient. We hasten to point out also that a board's failure to file the accompanying findings, conclusions, and reasons within 45 days does not preclude or prevent an appeal, or extend any of the time limitations of the act. We very simply hold that a board confronted with circumstances beyond its control may file its decision at any time within 45 days, and its accompanying findings at a later date, but not more than thirty days later. We further hold that applicant's appeal here is premature.


## ORDER

And now, March 16, 1970, plaintiff, Charles L. Thorn's motion for summary judgment is denied; and defendant, City of Chester's preliminary objection to plaintiff's complaint in mandamus is sustained. Plaintiff, Charles L. Thorn's complaint in mandamus is dismissed.

The board of adjustment is directed to comply with the provisions of the Pennsylvania Municipalities Planning Code at section 908(9), 53 PS §10908(9), as interpreted by this opinion, by filing the findings of fact and conclusions based thereon together with the reasons therefore to accompany its decision of July 30, 1969, and to do the same within 30 days from the date hereof.

The case is therefore remanded to the Zoning Board of Appeals of the City of Chester for further proceedings consistent with this opinion, and the aforesaid applicable Pennsylvania Municipalities Planning Code.