APPEL, Justice (concurring in part and dissenting in part).
This case involves the proper interpretation of Iowa Code section 414.15 (2015), which governs challenges to decisions of the Board of Adjustment (Board). See Chrischilles v. Arnolds Park Zoning Bd. of Adjustment , 505 N.W.2d 491, 493 (Iowa 1993). This section requires a party to file a petition for writ of certiorari in the district court "within thirty days after the filing of the decision in the office of the board." Iowa Code § 414.15.
The Davenport Municipal Code section 17.52.020(B) (2016) relates to the filing of the Board decisions. It states,
The board shall keep minutes of its proceedings showing the vote of each member upon each question, or if absent or failing to vote, indicating such fact and shall also keep records of its hearing and other official actions. Findings of facts shall be included in the minutes of *487 each case of requested variation and the reasons for recommending or denying such variation shall be specified. Every rule or regulation, every amendment or repeal thereof, and every order, requirement, decision or determination of the board shall be filed immediately in the office of the board and shall be a public record.
Davenport, Iowa, Municipal Code § 17.52.020(B).
The majority concludes the posting of the official, approved minutes of testimony on the Board's public website would trigger the thirty-day appeal period. The bare-bones minutes from the October 13, 2016 meeting lacks findings and merely contains conclusions. The minutes from the December 8, 2016 meeting fare slightly better in that it contains some findings. The plaintiffs do not contest that the Board approved the minutes from the October 13 meeting. On the other hand, the Board had not approved the minutes from the December 8 meeting until December 22 and the Board had not posted the minutes on-line until January 6, 2017. Because proposed minutes do not constitute a decision, the majority finds the challenge based on the December minutes timely. The majority, however, finds the challenge based on the October minutes untimely. I cannot agree that the minutes constitute a filed decision within the meaning of section 414.15.
I begin with some preliminary concepts. We often resolve ambiguities as to whether an appeal is timely in favor of the party seeking judicial review of the Board's decision. K & J Assocs. v. City of Lebanon , 142 N.H. 331, 703 A.2d 253, 255 (1997) ; accord 3 Arden H. Rathkopf et al., The Law of Zoning and Planning § 62:14, Westlaw (4th ed. database updated Apr. 2018) [hereinafter Rathkopf]. As a case in point, in an instructive case called Chester Township Board of Trustees v. Kline , the Ohio Court of Appeals resolved the ambiguity in favor of the party seeking judicial review. See 19 Ohio App.2d 63, 249 N.E.2d 921, 924 (1997). There the court examined a statute that mandated a party seeking judicial review to appeal within ten days after the entry of the matter for review. Id. at 923. Although the language of the statute in Kline is different from that of Iowa Code section 414.15, I find the principles undergirding the holding in Kline instructive here.
In Kline , the court addressed the issue of "[w]hat is the date of [the] entry of the matter for review?" Id. at 924. The court reasoned, "A litigant ought not suffer the consequences of a procedure that is so loose and indefinite. ... [W]hat is more important than a filing date when the jurisdiction of a reviewing court depends solely upon it?" Id. It further reasoned, "[N]ot to take an arbitrary stand until the board itself makes it clear to litigants when matters are entered, would indeed do violence to the right of review." Id. The court therefore held the date of the entry of the matter for review was the date on which the appellant received the board's decision, instead of the date of the board's letter advising him that the board had voted to deny his appeal and would forward him a copy of the decision within thirty days. Id. at 923-24. As in Kline , I am inclined to find an appeal timely when there are ambiguities as to whether an appeal of a board decision is timely.
In addition, it is well established that a decision must be a final determination of the parties' rights in the case. See Elbert County v. Sweet City Landfill, LLC , 297 Ga. 429, 774 S.E.2d 658, 663 (2015) ; Landrum v. City of Omaha Planning Bd. , 297 Neb. 165, 899 N.W.2d 598, 608-09 (2017) ; see also 3 Rathkopf § 62:6 (collecting cases); cf. Chrischilles , 505 N.W.2d at 493 ("In the absence of a challenge, the order *488 granting the variance became final."). A decision untethered to the necessary predicate findings of fact and conclusions of law is not final.
The most important question, however, is what constitutes a "decision." If reasonable minds could differ as to the meaning of a statutory term, the term is ambiguous. State v. Lopez , 907 N.W.2d 112, 116 (Iowa 2018). When interpreting ambiguous statutes, we attempt to give effect to legislative intent by resorting to the principles and tools of statutory construction. See Vance v. Iowa Dist. Ct. , 907 N.W.2d 473, 477 (Iowa 2018). We refrain from construing statutes that would lead to "impractical, unreasonable, or absurd results." In re S.M.D. , 569 N.W.2d 609, 611 (Iowa 1997) ; accord State v. Doe , 903 N.W.2d 347, 353 (Iowa 2017) ("Generally, we try to interpret statutes so they are reasonable and workable." (quoting State v. Iowa Dist. Ct. , 889 N.W.2d 467, 473 (Iowa 2017) )). "Among the most venerable of the canons of statutory construction is the one stating that a statute should be given a sensible, practical, workable, and logical construction." Taft v. Iowa Dist. Ct. , 828 N.W.2d 309, 317 (Iowa 2013) (quoting Walthart v. Bd. of Dirs. , 667 N.W.2d 873, 877-78 (Iowa 2003) ); accord State v. Nicoletto , 862 N.W.2d 621, 624 (Iowa 2015) ("A sensible, logical construction is the goal ...." (quoting City of Janesville v. McCartney , 326 N.W.2d 785, 787 (Iowa 1982) )); Yeager v. Unemployment Comp. Bd. of Review , 196 Pa.Super. 162, 173 A.2d 802, 807-08 (1961) (stating courts must always consider "good sense and practical utility" in construing any act that requires construction (quoting In re Sunday Movie in City of Pottsville , 363 Pa. 460, 70 A.2d 651, 655 (1950) )).
In In re CAFRA Permit No. 87-0959-5 Issued to Gateway Associates , the New Jersey Supreme Court stated a determination by an agency lacking in adequate factual findings and legal conclusions is not a final decision for appeal purposes under the applicable court rule. 152 N.J. 287, 704 A.2d 1261, 1267 (1997). The court cited to DeNike v. Board of Trustees , 34 N.J. 430, 170 A.2d 12 (1961), to support its holding. In DeNike , the court reasoned, "[B]efore a litigant's right [that] turns on a question of law is barred, there ought to be a formal hearing and adjudication on the question with appropriate written conclusions of law and fact." Id. at 15 (quoting Schack v. Trimble , 28 N.J. 40, 145 A.2d 1, 6 (1958) ). Furthermore, the court reasoned, "[T]he process by which such right is determined ... ought to be of such a nature as to fully impress upon the litigant ... the precise grounds upon which relief was denied." Id. (quoting Schack , 145 A.2d at 6-7 ).
"Decision" may also mean "a determination arrived at after consideration." Decision , Webster's Third New International Dictionary (unabr. ed. 2002). "Decision" may be considered synonymous with "conclusion." Id. The Pennsylvania Court of Common Pleas in Thorn v. City of Chester employed this interpretation of decision. 49 Pa. D. & C.2d 312, 315-17 (Pa. C.D. Delaware Cty. 1970) ; see also Hoagland v. Town of Clear Lake Bd. of Zoning Appeals , 871 N.E.2d 376, 383 (Ind. Ct. App. 2007) (holding the board issued its decision on December 20, 2005, even though the board did not issue written findings of fact because the plaintiffs were aware of the December 20 decision); Biggs v. Bd. of Zoning Appeals , 448 N.E.2d 693, 694 (Ind. Ct. App. 1983) (holding the date of the board's decision is the date of the first meeting at which the board denied the variance request, not the date of the second meeting at which the board approved the minutes of the first meeting because the minutes "are not the event, but a record of the transpired event"); Woodward v. Town of Newfield , 634 A.2d 1315, 1317 (Me. 1993) (holding the board rendered *489 its decision when it cast its public vote, not when it issued its written notice of the decision and findings of fact); Kennedy v. Zoning Bd. of Appeals , 78 N.Y.2d 1083, 578 N.Y.S.2d 120, 585 N.E.2d 369, 370 (1991) (holding the filing of the minutes reflecting the board's vote begins the running of the statute of limitations); 92 MM Motel, Inc. v. Zoning Bd. of Appeals , 90 A.D.3d 663, 664, 933 N.Y.S.2d 881 (2011) (holding the minutes is the board's decision and the filing of those minutes begins the statutory clock). But see First Ave. Partners v. City of Pittsburgh Planning Comm'n , 151 A.3d 715, 722 (Pa. Commw. Ct. 2016) (holding zoning decisions are not final until the commission issues a written decision, and until it issues a written decision, there is no decision to appeal).
The Pennsylvania Court of Common Pleas in Thorn reached a different conclusion than the New Jersey Supreme Court did in CAFRA . In Thorn , the plaintiff argued the board did not a render a decision because it lacked findings of fact, conclusions, and reasons. 49 Pa. D. & C.2d at 315. The court examined the language of the statute, which provided, "The board ... shall render a written decision ... within forty-five days. Each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor." Id. at 314 (emphasis omitted) (quoting 53 Pa. Stat. and Cons. Stat. Ann. § 10908). Disagreeing with the plaintiff, the court reasoned, "A 'decision' is the final judgment, decree, or order of a competent tribunal .... The decision is not the accompanying findings, conclusions, and reasons ...." Id. at 315. In contrast, the court reasoned, "An 'opinion' is the reason given for the decision or judgment." Id. The court further reasoned "accompany" means "to attend, supplement, go with, add to, and convoy, escort, or be a companion to" such that "[t]he word is not defined as being a part of a principal thing itself." Id. at 316. In other words, "[a]n escort, convoy, supplement, or addition need not always be immediately standing with or intertwined with the principal." Id. The court therefore concluded the relevant statute does not require the board to render the decision and the accompanying findings of fact, conclusions, and reasons simultaneously. Id.
This case is distinguishable from Thorn. The court in Thorn defined "decision" in context of the applicable statute. Specifically, the Pennsylvania legislature explicitly distinguished "decision" from accompanying findings of fact and conclusions. Thus, to give effect to the legislature's intent, the court treated the decision as separate and distinct from the findings of fact, reasons, and conclusions. On the other hand, Iowa Code section 414.15 simply provides "within thirty days after the filing of the decision in the office of the board." Iowa Code § 414.15. The statute shows our legislature did not separate the decision from the accompanying findings of fact and conclusions of law.[7]
*490 The question is whether we should follow the approach in CAFRA or that in Thorn to interpret the term "decision" in section 414.15. We should give the statute a practical construction. The need for a practical construction is especially true in contested cases in which the parties partake in an evidentiary hearing. See Polk County v. Iowa State Appeal Bd. , 330 N.W.2d 267, 277 (Iowa 1983) (defining contested case within the meaning of the Iowa Administrative Procedure Act (IAPA)). The purpose of an evidentiary hearing is to "determine disputed facts of particular applicability known as adjudicative facts-the who, what, when, where, and why of particular individuals in specified circumstances." Id. (defining evidentiary hearing within the meaning of the IAPA). I am not inclined to require attorneys and judges to sift the minutes to locate the relevant facts, reasons, legal principles, and conclusions.
In Citizens Against Lewis & Clark (Mowery) Landfill v. Pottawattamie County Board of Adjustment , we emphasized the importance of making written findings. 277 N.W.2d 921, 925 (Iowa 1979). There the plaintiffs challenged the board's affirmance of a grant of a conditional use permit for the operation of a sanitary landfill. Id. at 922. We addressed the issue of making findings, which I quote in full because of its importance:
[W]e believe the question concerning the board's duty to make written findings merits discussion. There is no statutory requirement that the board do so. However, there is no doubt such findings would be of great benefit, both to the trial court and to this court on certiorari or appeal from the board's decisions. They would provide a ready basis for determining the reasons for the board's action and would help immeasurably in determining whether the result was reasonable or was, as is frequently claimed, arbitrary and capricious. It would also serve the additional purpose of sharpening the issues the parties should raise on appeal.
....
The practical reasons for requiring administrative findings are so powerful that the requirement has been imposed with remarkable uniformity by virtually all federal and state courts, irrespective of a statutory requirement. The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.
These are compelling considerations which have persuaded us to adopt the rule that boards of adjustment shall make written findings of fact on all issues presented in any adjudicatory proceeding. Such findings must be sufficient to enable a reviewing court to determine with reasonable certainty the factual basis and legal principles upon which the board acted. This rule shall apply to board of adjustment proceedings after the date this opinion is filed.
Id . at 925 (emphases added) (citations omitted) (quoting K. Davis, Administrative Law § 16.05 (2d ed. 1978)).
*491 In simpler terms, the efficient and orderly function of the process of meaningful judicial review requires the Board to lay out clearly the basis on which its conclusions rest. See Topanga Ass'n for a Scenic Cmty. v. County of Los Angeles , 11 Cal.3d 506, 113 Cal.Rptr. 836, 522 P.2d 12, 19 (1974) ("Vigorous and meaningful judicial review facilitates, among other factors, the intended division of decision-making labor."). A decision with factual findings, reasons, legal principles, and conclusions will help reviewing courts ascertain the rationale behind and the basis for the Board's action, enable the parties to determine whether and on what grounds they should seek review, and minimize inefficient fishing in the record. See id. , 113 Cal.Rptr. 836, 522 P.2d at 16.
Additionally, our standard of review in certiorari actions is for correction of errors at law. Stream v. Gordy , 716 N.W.2d 187, 190 (Iowa 2006). Under this standard, we accept the Board's well-supported factual findings as binding but give no deference to its legal conclusions. See State Pub. Def. v. Iowa Dist. Ct. , 886 N.W.2d 595, 598 (Iowa 2016). It would be impractical for us to defer to the Board's factual findings when none exist in the first place, such as in the October 13 minutes.
Moreover, in our review of a certiorari action, we consider whether the Board's decision was illegal. "Illegality exists when the court's factual findings lack substantial evidentiary support, or when the court has not properly applied the law." Christensen v. Iowa Dist. Ct. , 578 N.W.2d 675, 678 (Iowa 1998). The Board has made an illegal decision if "[it] has not acted in accordance with a statute; if its decision was not supported by substantial evidence; or if its actions were unreasonable, arbitrary, or capricious." Perkins v. Bd. of Supervisors , 636 N.W.2d 58, 64 (Iowa 2001) (quoting Norland v. Worth Cty. Comp. Bd. , 323 N.W.2d 251, 253 (Iowa 1982) ). "Evidence is substantial 'when a reasonable mind could accept it as adequate to reach the same findings.' " City of Cedar Rapids v. Mun. Fire & Police Ret. Sys. , 526 N.W.2d 284, 287 (Iowa 1995) (quoting Norland v. Iowa Dep't of Job Serv. , 412 N.W.2d 904, 913 (Iowa 1987) ). We are not at liberty to substitute our judgment for that of the Board "[i]f one of the grounds of alleged illegality is arbitrary, unreasonable or discriminatory action on the part of the board, and on the facts[,] the reasonableness of the board's action is open to [a] fair difference of opinion." Anderson v. Jester , 206 Iowa 452, 463, 221 N.W. 354, 359 (1928) ; accord Baker v. Bd. of Adjustment , 671 N.W.2d 405, 413 (Iowa 2003). Without findings, it is questionable how reviewing courts could apply the substantial evidence standard to determine illegality.
Lastly, the consequences of foregoing the requirement of findings in a decision that triggers the running of the appeal period for judicial review are undesirable:
If no findings are made, and if the court elects not to remand, its clumsy alternative is to read the record, speculate upon the portions which probably were believed by the board, guess at the conclusions drawn from credited portions, construct a basis for decision, and try to determine whether a decision thus arrived at should be sustained. In the process, the court is required to do much that is assigned to the board, and the latter becomes a relatively inefficient instrument for the construction of a record.
Fields v. Kodiak City Council , 628 P.2d 927, 933 n.7 (Alaska 1981) (quoting 3 R. Anderson, American Law of Zoning § 20.41, at 540 (2d ed. 1977)).
The City argues Iowa Code section 414.15 expressly governs the timeliness of a certiorari petition, and the question of *492 the completeness of the decision is a separate issue. The thrust of the City's argument is that even when findings may be required, the lack thereof may not toll the statutory period to appeal the Board's decision. A party seeking judicial review must first file a timely petition in order to raise deficiencies in the underlying decision.
A timely appeal is necessary for jurisdictional purposes. See City of Des Moines v. City Dev. Bd. , 633 N.W.2d 305, 309 (Iowa 2001). Even a deficient decision, however, should contain some findings "to expose the mode of analysis" such that the party seeking judicial review may "specify[ ] the grounds of the illegality." Iowa Code § 414.15 (second quote); Fields , 628 P.2d at 934 n.9 (first quote). Findings should be sufficient to inform the involved parties, especially the party seeking judicial review, of the reasons for the decision. I now turn to Fields , which addressed the issue of whether substantial evidence supported the board's decision to deny a variance request, to elaborate this point.
In Fields , the Alaska Supreme Court observed that the statute governing appeals from board decisions "requires an aggrieved party seeking review to specify the grounds for the appeal." 628 P.2d at 933. Because the party must state definitely and in detail the basis for the appeal, "[a] board's failure to provide findings, that is, to clearly articulate the basis of its decision , precludes an applicant from making the required specification and thus can deny meaningful judicial review." Id. (emphasis added). Although the statute did not expressly require the board to delineate findings, the court found such a requirement "implicit in [the statute]" in order to "bridge the analytical gap between the raw evidence and the ultimate decision or order." Id. Applying this reasoning to the facts of the case, the court stated the board did not set forth findings but simply voted to deny the variance request during a hearing. Id. at 934. As such, the court could not determine the rationale supporting the board's denial of the variance request. Id. Accordingly, the court concluded the lower court erred in ruling that substantial evidence supported the board's denial. Id.
Applying the principles espoused in Fields to this case, I would find that a decision must at least contain some findings such that an aggrieved party may properly raise deficiencies in a decision by "specifying the grounds of the illegality"-as required by Iowa Code section 414.15 -within the thirty-day appeal period. Otherwise, the party would have no access to meaningful judicial review. Compare Fields , 628 P.2d at 931, 933-34 (holding the board simply voted on denying the variance request without setting forth findings and the lack of such findings denied the aggrieved party meaningful judicial review), with City of Rutland v. McDonald's Corp. , 146 Vt. 324, 503 A.2d 1138, 1142 (1985) (holding the aggrieved party must timely appeal decisions based on deficient findings).
As to the definition of "filing," I am not inclined to find that a decision buried in the minutes constitutes filing within the meaning of section 414.15. I refer to Glabach v. Sardelli , 132 Vt. 490, 321 A.2d 1, 5 (1974), overruled by Leo's Motors, Inc. v. Town of Manchester , 158 Vt. 561, 613 A.2d 196, 198 (1992), for guidance in determining the meaning of filing.[8]
*493 In Glabach , the Vermont Supreme Court addressed the issue of whether the board could render a decision without recording and mailing notice of it. 321 A.2d at 2. The court reasoned, "[T]he starting point of an appeal period is from the date the judgment is recorded." Id. at 4. The court observed that the board did not file a copy of its decision with the clerk and the administrative officer of the municipality as required by the applicable statute. Id. Moreover, the minutes contained the only record of the decision. Id. The court therefore concluded there was no recording of the decision, the date from which the thirty-day appeal period would begin to run. Id. Notably, the court stated, "If a board ... could make a decision affecting the rights of an appellant, bury it in the minutes of a meeting, and neglect to comply with the notification requisites of the statute," the appellant would have no knowledge of the decision and the appeal period would lapse. Id. at 5.
Here, Iowa Code section 414.15 provides "within thirty days after the filing of the decision in the office of the board." This section requires filing in the office of the board such that the aggrieved party seeking judicial review has notice of the decision. I do not think a decision buried in the minutes gives sufficient notice to the involved parties. Such a decision requires a fishing expedition on the part of the aggrieved party and reviewing courts. It also promotes laxity and inattentiveness on the part of the Board in regards to setting forth a clear decision delineating its findings in a documentary form apart from the minutes. See Topanga , 113 Cal.Rptr. 836, 522 P.2d at 18 ("[T]he intended effect [to require findings] is to facilitate orderly analysis and minimize the likelihood that the agency will randomly leap from evidence to conclusions."). Accordingly, I would find that "filing" means that the Board must memorialize its decision in a documentary form simply containing the substance of the decision. The minutes are not the proper vehicle to house the decision.
Based on the foregoing, I would find the Board must file written findings of fact, reasons, legal principles, and conclusions before the thirty-day period in section 414.15 commences to run.[9] I acknowledge, however, that the statute is plausibly subject to other interpretations. The legislature, of course, may resolve any ambiguities in the statute through legislative action.
Wiggins, J., joins this concurrence in part and dissent in part.

When applying the tools of statutory construction, it is invaluable to exercise care in order to examine, not glance at, the language of the applicable statutes. In Beckford v. Town of Clifton , the Supreme Judicial Court of Maine examined the relevant statute, which states, "Any party may take an appeal within 45 days of the date of the vote on the original decision ...." 107 A.3d 1124, 1127 (Me. 2014) (quoting Me. Stat. tit. 30-a, § 2691(3)(G) (2014)). The court reasoned section 2691 clearly provides that "the vote" begins the statutory clock for filing an appeal and does not include language that the board must accompany its vote with the issuance of a written decision. Id. The court further reasoned that "the issuance of written findings is an event that is distinct from the vote itself." Id. at 1128. Thus, even when an ordinance requires the board to issue a written decision, the court concluded the appeal period begins with the board's final public vote. Id. at 1128-29. In contrast to the statute under examination in Beckford , our legislature did not use the term "vote" in Iowa Code 414.15. Thus, the legislature could not have intended the Board's public vote to stand in for the decision. The legislature also could not have intended for such vote to begin the appeal period.

The Vermont Supreme Court in Leo's Motors, Inc. overturned Glabach because the concern in Glabach -that appeal rights could be lost if the board neglected to comply with the notification requirements of the relevant statute and decided to bury the decision in the minutes-was allayed by Nash v. Warren Zoning Board of Adjustment , 153 Vt. 108, 569 A.2d 447, 451 n.5 (1989), in which the court held the appeal period does not commence when the board takes its vote. Leo's Motors, Inc. , 613 A.2d at 198. Additionally, the court noted that in Hinsdale v. Village of Essex Junction , 153 Vt. 618, 572 A.2d 925, 929 (Vt. 1990), it narrowed Glabach to hold
that a ... decision can be considered rendered before notice is mailed to the applicant if the board has made a decision and given the parties actual notice of its action before the expiration of the forty-five day period, regardless of when the decision is reduced to writing.
Leo's Motors, Inc. , 613 A.2d at 198 (quoting Hinsdale , 572 A.2d at 929 ).

I do not comment whether the minutes from the December 8, 2016 meeting is sufficient to enable the plaintiffs to specify the grounds of the alleged illegality.